889 P.2d 11

**Sharon ROSIER, an individual, Judy Redekop, an individual, and John D. Richardson, Plaintiffs–Appellants,**

**v.**

**FIRST FINANCIAL CAPITAL CORPORATION, an Arizona corporation; Johnes–Spector Company, an Arizona general partnership; First Financial Equity Corporation, an Arizona corporation; Richard L. and Dorothy Johnes, husband and wife; Turpin–Fischer Investment Advisors, Inc., an Arizona corporation; George E. and Sharon Fischer, husband and wife; John and Jane Does I–X; and XYZ Corporations I–X, Defendants–Appellees.**

No. 1 CA–CV 91–0226.

Court of Appeals of Arizona, Division 1, Department D.

May 17, 1994.

Review Denied Feb. 22, 1995.

Teilborg, Sanders & Parks, P.C. by J. Clayton Berger, Phoenix, Law Offices of Michael Salcido by Michael Salcido, Scottsdale, for plaintiffs-appellants.

Jennings, Strouss & Salmon by James M. Ackerman and J. Matthew Powell, Phoenix, for defendants-appellees.

## OPINION

GERBER, Presiding Judge.

Plaintiffs Sharon Rosier, Judy Redekop, and John Richardson (collectively referred to as Rosier) appeal from the trial court's denial of partial summary judgment regarding the appropriate amount of damages on their Arizona Racketeering Act (RICO) claim. Rosier also appeals from the trial court's grant of summary judgment in favor of defendants First Financial Capital Corporation, First Financial Equity Corporation, Turpin–Fischer Investment Advisors, Inc, and George and Sharon Fischer (collectively referred to as First Financial).[1]

Rosier brought a claim under RICO alleging securities fraud as the predicate act. Because we conclude that in order to recover under RICO a plaintiff must demonstrate proximate causation, and Rosier did not do so, we affirm the trial court's grant of summary judgment. Accordingly, we do not reach the issue of damages.

## FACTS AND PROCEDURAL HISTORY

Defendants Richard Johnes, First Financial Capital Corporation, Johnes–Spector Company, and non-party Albert Spector, Jr. formed the Pinnacle Peak Investors Limited Partnership (Pinnacle Peak) in 1985. The purpose of the partnership was to raise $1,000,000.00 to purchase forty acres of undeveloped property in north Scottsdale from the Johnes–Spector Company; thereafter, the land was to be developed into residential lots. The limited partnership units were offered for $20,000.00 through First Financial Equity Corporation, a licensed broker-dealer for securities. George Fischer was a principal of both First Financial Capital Corporation and First Financial Equity Corporation. Limited partners were to receive a preferred rate of return on their investment for a period of two years plus a percentage of the profits when the project was sold at the end of that term.

In January 1986, Sharon Rosier purchased two limited partnership units for $40,000.00, John Richardson purchased two units for $40,000.00, and Judy Redekop purchased one unit for $20,000.00.

Pinnacle Peak was unable to sell enough lots to pay off the underlying encumbrance. In lieu of foreclosure, Pinnacle Peak deeded the property back to its secured lender, Security Savings and Loan Association. Subse-

---

1. Defendants Richard Johnes, Dorothy Johnes, and the Johnes–Spector Company are not parties to this appeal.

quently, the general partners offered the limited partners an interest in a separate parcel of land in exchange for their limited partnership interests. Rosier declined and brought this action.

In the complaint, Rosier alleged that First Financial, in its "Private Offering Memorandum," made false or misleading statements of material fact and omissions of material fact in conjunction with the sale of securities and that these misrepresentations constituted racketeering under Arizona Revised Statutes Annotated ("A.R.S.") section 13–2301(D)(4)(r) of the RICO act.[2] Rosier asserted that First Financial committed securities fraud, which is a predicate offense under RICO.[3]

Rosier subsequently filed a motion for partial summary judgment on the issue of damages. She contended that she was entitled to recover the amount of the investment, less any income received, pursuant to A.R.S. section 44–2001[4] and that such amount was required to be trebled pursuant to A.R.S. section 13–2314(A). The trial court denied the motion. The court found that A.R.S. section 13–2314 does not include rescissionary damages as a matter of law.

Thereafter, First Financial filed a motion for summary judgment. In support of its motion, First Financial submitted the affidavit of a certified real estate appraiser stating that Rosier's loss was caused solely by market forces, including the unexpected, sharp decline in real estate values in north Scottsdale and were not due to any misrepresentation. Rosier did not controvert this evidence. First Financial asserted that Rosier's loss was not proximately caused by the alleged misrepresentations, which were accepted as true for the purposes of the motion, and that therefore she did not have a claim under RICO.

The trial court granted First Financial's motion, finding that no material issues of fact existed. Following entry of judgment, Rosier filed a timely notice of appeal. We have jurisdiction pursuant to A.R.S. section 12–2101(B).

## DISCUSSION

In reviewing a trial court's grant of summary judgment, we review questions of law *de novo. Libra Group, Inc. v. State,* 167 Ariz. 176, 179, 805 P.2d 409, 412 (App.), *rev. denied,* 168 Ariz. 337, 813 P.2d 318 (1991). We view all facts in the light most favorable to the party against whom judgment was entered. *State ex rel. Corbin v. Challenge, Inc.,* 151 Ariz. 20, 24, 725 P.2d 727, 731 (App.1986).

This appeal presents the issue whether a plaintiff must show that the defendant's predicate RICO violation proximately caused the plaintiff's injury in order to recover treble damages under A.R.S. section 13–2314(A), RICO's civil remedy provision. We begin our analysis by noting that Arizona's

---

**2.** At the time of the alleged offense, A.R.S. section 13–2301(D)(4)(r) provided, in relevant part:

**Definitions**

. . . .

D. For the purposes of §§ 13–2312 through 13–2315, unless the context otherwise requires:

. . . .

4. "Racketeering" means any act, including any preparatory or completed offense, committed for financial gain, which is chargeable or indictable under the laws of this state . . . involving:

. . . .

(r) fraud in the purchase or sale of securities.

**3.** Securities fraud is defined in A.R.S. section 44–1991 in relevant part:

**Fraud in purchase or sale of securities**

It is a fraudulent practice and unlawful for a person, in connection with a transaction . . . involving an offer to buy or sell securities . . . to do any of the following:

. . . .

2. Make any untrue statement of material fact, or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading.

**4.** A.R.S. section 44–2001 provided, in relevant part:

**Voidable sale or contract for sale of securities; remedy**

A sale or contract for sale of any securities to any purchaser in violation of any provision of §§ 44–1841, 44–1842 or article 13 of this chapter, is voidable at the election of the purchaser, who may . . . recover the consideration paid for the securities, with interest thereon, taxable court costs and reasonable attorneys' fees, less the amount of any income received. . . .

RICO act is patterned after the federal RICO act.[5] *See* 18 U.S.C.A. §§ 1961 through 1968. At the time of the alleged offense, A.R.S. section 13–2314(A) provided, in relevant part:

> A person who sustains injury to his person, business or property by racketeering as defined by § 13–2301, subsection D, paragraph 4 or by a violation of § 13–2312 may file an action in superior court for the recovery of treble damages and the costs of the suit, including reasonable attorney's fees.

This section is substantially similar to the federal civil remedy provision, 18 U.S.C. section 1964(c):

> Any person injured in his business or property by reason of a violation of section 1962 of this chapter may sue therefor in any appropriate United States district court and shall recover threefold the damages he sustains and the cost of the suit, including a reasonable attorney's fee.

Because these provisions are similar and because Arizona courts have not addressed the issue presented in this case, we look to federal interpretations for guidance. *Rose v. Dobras,* 128 Ariz. 209, 211, 624 P.2d 887, 889 (App.1981).

The United States Supreme Court decided the issue of proximate causation under the federal RICO act in *Holmes v. Securities Investor Protection Corp.,* 503 U.S. 258, 112 S.Ct. 1311, 117 L.Ed.2d 532 (1992).[6] In *Holmes,* plaintiff Securities Investor Protection Corporation (SIPC) alleged that Holmes and other defendants manipulated the stock of six companies by making unduly optimistic statements about their prospects and by continually selling small numbers of shares to create the appearance of a liquid market. 503 U.S. at 262–263, 112 S.Ct. at 1315. Certain broker-dealers bought substantial amounts of the stock with their own funds. *Id.* Eventually, the market's perception of the fraud sent the stocks plummeting. *Id.* The broker-dealers experienced serious financial difficulties, resulting in their eventual liquidation. *Id.* SIPC was then required to advance nearly $13 million to cover customers' claims. *Id.* SIPC sued Holmes for damages, claiming that the manipulation scheme violated the Securities Exchange Act of 1934 and that this conduct amounted to a pattern of racketeering within the meaning of RICO. *Id.*

The district court entered summary judgment for Holmes, partly on the ground that SIPC had failed to satisfy RICO's proximate cause requirement. *Id.* The Ninth Circuit reversed, rejecting the district court's analysis. *Id.* at 264, 112 S.Ct. at 1315–16. The Supreme Court granted certiorari and reversed. *Id.* at 264–265, 112 S.Ct. at 1316.

The Supreme Court acknowledged that the language of section 1964(c) could be interpreted to permit a plaintiff to recover simply by showing that he was injured "by reason of" a RICO violation and that this violation was a "but for" cause of plaintiff's injury. *Id.* The court reasoned, however, that it was unlikely that Congress meant to allow all factually injured plaintiffs to recover because the "by reason of" language of section 1964(c) was modeled after section 4 of the Clayton Act which had been interpreted to require a plaintiff to demonstrate proximate causation. *Id.* at 268, 112 S.Ct. at 1317–18.

The rationale for requiring proximate causation under RICO was explained by the *Holmes* court as follows:

> Here we use "proximate cause" to label generically the judicial tools used to limit a person's responsibility for the consequences of that person's own acts. At bottom, the notion of proximate cause re-

---

**5.** Effective July 17, 1993, the legislature amended various portions of Arizona's RICO act, which makes it even more analogous to its federal counterpart. These changes do not affect this decision.

**6.** Prior to *Holmes,* the Arizona Supreme Court, in *State ex rel. Corbin v. Pickrell,* determined that a plaintiff need not demonstrate any special "racketeering injury" as opposed to the injury arising out of the predicate offense in order to state a cause of action under RICO. 136 Ariz. 589, 667 P.2d 1304 (1983). The court did not face the issue of proximate causation; however, the court noted that the racketeering statute, A.R.S. section 13–2301(D)(4) "provides a civil remedy to those *directly injured* by the predicate act which constitutes racketeering...." *Id.* at 595 n. 1, 667 P.2d at 1310 n. 1 (emphasis added).

222

flects "ideas of what justice demands, or of what is administratively possible and convenient." W. Keeton, D. Dobbs, R. Keeton, & D. Owen, Prosser and Keeton on Law of Torts § 41, p. 264 (5th ed. 1984). Accordingly, among the many shapes this concept took at common law ... was a demand for some direct relation between the injury asserted and the injurious conduct alleged.

*Id.* at 268–269, 112 S.Ct. at 1318 (citation omitted).

Concurring in *Holmes,* Justice Scalia opined that proximate causation is required under RICO for yet another reason:

[I]t has always been the practice of common-law courts (and probably of all courts, under all legal systems) to require as a condition of recovery, unless the legislature specifically prescribes otherwise, that the injury have been proximately caused by the offending conduct. Life is too short to pursue every human act to its most remote consequences....

*Id.* at 287, 112 S.Ct. at 1327.

The *Holmes* court addressed Congress's admonition that RICO be liberally construed to effectuate its remedial purposes. *Id.* at 274, 112 S.Ct. at 1321. The court cautioned that permitting plaintiffs injured only indirectly to bring suit under RICO would open the door to massive, complicated damages litigation which would burden the courts and diminish the effectiveness of treble-damages suits. *Id.* The court concluded its analysis by holding that because Holmes's acts did not proximately cause the purported injury, SIPC could not recover under RICO. *Id.* at 276, 112 S.Ct. at 1322.

■ Because our legislature patterned Arizona RICO after the federal RICO statute, we conclude that the legislature intended that a plaintiff demonstrate proximate causation before becoming eligible for treble damages under A.R.S. section 13–2314(A). We hold that in order to state a cause of action for civil damages under RICO, the plaintiff's damages must be proximately caused by the defendant's violation of a predicate RICO act.

Further, on a different but related statutory matter, we find that a comparison of the securities statute, A.R.S. section 44–1991, and the RICO act reveals that they present two completely different approaches to securities fraud. A misrepresentation in the sale of securities, even an innocent one, can be a violation of the securities statute, A.R.S. section 44–1991. Under this statute, the plaintiff need not prove that the misrepresentation caused his injury and the remedy is limited to rescission. *See* A.R.S. § 44–2001. These factors are in sharp contrast to the RICO act, where a plaintiff must be "directly injured" by racketeering. *Pickrell,* 136 Ariz. at 595 n. 1, 667 P.2d at 1310 n. 1. The remedy of treble damages under RICO is much broader than that provided in the securities act. Because RICO was designed to be punitive in nature, it is logical to conclude that it requires a higher level of proof of proximate causation.

Of course, a plaintiff may choose to bring a securities claim under either statute or, in certain circumstances, under both; however, one who seeks the bonus of treble damages needs to prove that his injury was proximately caused by the defendant's racketeering actions.

■ In the present case, Rosier did not controvert First Financial's evidence that her loss was caused solely by market forces and was not due to any misrepresentation on First Financial's part. As a result, she failed to meet the proximate cause requirement. Because she sought treble damages under RICO, she needed to show that her injuries were proximately caused by First Financial's alleged misrepresentations.

CONCLUSION

Because Rosier did not prove that First Financial proximately caused her injuries, she fails to state a cause of action under RICO. We agree with the trial court that no material issue of fact existed and that First Financial was entitled to summary judgment as a matter of law. We therefore affirm the judgment in favor of First Financial.

CONTRERAS and WEISBERG, JJ., concur.