NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT
PRECEDENTIAL AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

FIRST UNITED FUNDING, LLC, a Minnesota limited liability company,
*Plaintiff/Appellee,*

*v.*

FOUR CORNERS DEVELOPMENT, LLC, a Nevada limited liability
company; JEFF A. SHUMWAY, an individual,
*Defendants/Appellants.*

No. 1 CA-CV 15-0377
FILED 10-18-2016

Appeal from the Superior Court in Maricopa County
No. CV2010-029732
The Honorable J. Richard Gama, Judge (Retired)

**AFFIRMED**

COUNSEL

Quarles & Brady, LLP, Phoenix
By Michael S. Catlett, Julia J. Koestner
*Counsel for Plaintiff/Appellee*

Shumway Law Offices, PLC, Scottsdale
By Jeff A. Shumway
*Counsel for Defendants/Appellants*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Patricia K. Norris and Judge Samuel A. Thumma joined.

---

**D O W N I E**, Judge:

**¶1** Four Corners Development, LLC ("Four Corners") and Jeff A. Shumway (collectively, "Appellants") appeal from the entry of summary judgment in favor of First United Funding, LLC on First United's claims and from the dismissal of Appellants' counterclaims. For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2** Four Corners borrowed $1,730,000 from First United in 2007. The promissory note Four Corners signed was secured by a deed of trust against real property located in Scottsdale. Shumway personally guaranteed payment of the note. In 2008, Four Corners and First United divided the amount owing on the 2007 loan into two promissory notes.

**¶3** After Appellants defaulted, a trustee's sale was noticed on the 2007 deed of trust and held in August 2010. First United purchased the Property for a credit bid of $750,000. First United thereafter sued Appellants to recover the deficiency amount owed.

**¶4** First United moved for partial summary judgment on its breach of contract and breach of guaranty claims against Four Corners and Shumway respectively. The superior court granted the motion, concluding Appellants "failed to pay the sums due and owing," thereby breaching the underlying agreements.

**¶5** First United subsequently filed an amended complaint to add a defendant and a claim for unjust enrichment against a defendant who is not a party to this appeal. Appellants answered the amended complaint and, for the first time, alleged that the loan documents were not authenticated and asserted counterclaims against First United for, among other things, wrongful foreclosure and racketeering. *See* Ariz. Rev. Stat. ("A.R.S.") § 13-2314.04.

**¶6** First United filed a motion to dismiss the counterclaims, which the superior court granted. The court entered judgment in favor of First United pursuant to Arizona Rule of Civil Procedure 54(b). This timely appeal followed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

### I. Motion for Partial Summary Judgment

**¶7** We review a grant of partial summary judgment *de novo*. *See Cramer v. Starr*, 240 Ariz. 4, __, ¶ 8 (2016). "We review the facts in the light most favorable to the party against whom summary judgment was entered" and determine "whether any genuine issues of material fact exist" and whether the trial court correctly applied the law. *Comerica Bank v. Mahmoodi*, 224 Ariz. 289, 291, ¶ 13 (App. 2010).[1] We consider "only the evidence presented to the trial court when it addressed the motion." *Brookover v. Roberts Enters., Inc.*, 215 Ariz. 52, 55, ¶ 8 (App. 2007).

### A. Authentication of Documents

**¶8** Appellants contend First United failed to authenticate the "purported contracts." First United responds that Appellants have waived this issue on appeal by failing to assert an authenticity challenge when opposing summary judgment.

**¶9** First United filed the relevant documents in connection with its motion for partial summary judgment. Appellants did not challenge their authenticity — either when initially responding to the motion, or later, when they filed a supplemental response after receiving additional time to

---

[1] Before entering the judgment at issue in this appeal, the superior court entered partial final judgment against La Jolla Holdings Limited Partnership ("La Jolla") and Shumway resulting from their default on a different promissory note. Although La Jolla and Shumway appealed that judgment, this Court affirmed. *See First United Funding, L.L.C. v. La Jolla Holdings Ltd. P'ship ("La Jolla")*, 1 CA-CV 14-0659 (Ariz. App. April 19, 2016) (mem. decision). We consider the *La Jolla* decision for persuasive value, but it does not create legal precedent. *See* Ariz. R. Sup. Ct. 111(c). The "law of the case" doctrine is inapplicable because *La Jolla* involved a different defendant and a different note. *See Powell-Cerkoney v. TCR-Montana Ranch Joint Venture, II*, 176 Ariz. 275, 279 (App. 1993) (law of the case doctrine does not apply "if the prior decision did not actually decide the issue in question").

conduct discovery.  Appellants raised the authenticity issue only *after* the court granted summary judgment.  By waiting until after the court granted summary judgment, Appellants waived their objection to the authenticity of the loan documents.  *See Airfreight Express Ltd. v. Evergreen Air Ctr., Inc.*, 215 Ariz. 103, 112, ¶ 26 (App. 2007) (objections to declarations untimely when made after court ruled on motion for summary judgment); *Trantor v. Fredrikson*, 179 Ariz. 299, 300 (1994) ("Because a trial court and opposing counsel should be afforded the opportunity to correct any asserted defects before error may be raised on appeal, absent extraordinary circumstances, errors not raised in the trial court cannot be raised on appeal.").

### B. 2008 Loan Modification

¶10        Appellants next contend the court erred by treating the 2008 transaction as a modification of the 2007 loan.

¶11        In their answer to the original complaint, Appellants admitted that (1) Four Corners executed the 2007 promissory note, (2) Shumway executed the guaranty, and (3) the parties modified the 2007 loan in the 2008 transaction.  Appellants themselves characterized the 2008 transaction as a "modification" no fewer than 27 times in their answer.  As an example, paragraph 35 of First United's complaint alleged:

> On or about June 11, 2008, Four Corners and FUF agreed to modify the 2007 Four Corners Note by bifurcating the amount due thereunder to $1,330,000.

In their answer, Appellants stated:

> Regarding paragraph 35, Defendants admit that the parties agreed to modify the 2007 loan.

Additionally, when opposing the motion for partial summary judgment, Appellants repeatedly called the 2008 transaction a loan "modification" — including in the declaration Shumway submitted.

¶12        "Statements in a pleading are admissible against the party making them as proof of facts admitted therein."  *Brenteson Wholesale, Inc. v. Ariz. Pub. Serv. Co.*, 166 Ariz. 519, 522 (App. 1990).  As this Court has explained:

> The words of a party, like the words of any other witness, are rarely conclusive.  They may be disputed as inaccurate by either.  To this there are two exceptions.  When a party by

4

pleading or stipulation has agreed to a certain set of facts, he may not contradict them. This is a rule not of evidence but of pleading. When the parties have framed the issues for resolution, they may not change them absent an amendment of the pleadings or trial of the issue by consent. A party so bound is often said to have made a judicial admission.

*Black v. Perkins*, 163 Ariz. 292, 293 (App. 1989); *see also Armer v. Armer*, 105 Ariz. 284, 288 (1970) (party who admitted certain property was community property was precluded "[b]y the pleadings alone" from later objecting to that characterization of the property); *Schwartz v. Schwerin*, 85 Ariz. 242, 249 (1959) (defendants who did not wish to be bound by answer should have requested leave to amend and, by failing to do so, were bound by answer); *Bank of Am. Nat'l Tr. & Sav. Ass'n v. Maricopa Cty.*, 196 Ariz. 173, 176, ¶ 11 (App. 1999) ("Judicial admissions bind a party in a case to the allegations made in its pleading, absent an amendment to the pleading.").

**¶13**         When the superior court ruled on First United's motion for partial summary judgment, it properly relied on the repeated admissions in the answer that the 2008 transaction was a loan modification. Reviewing the matters before the superior court at the time of its ruling, *see Brookover*, 215 Ariz. at 55, ¶ 8, the court did not err by ruling that the 2008 transaction modified the 2007 loan.

### C.       Fraudulent Inducement

**¶14**         Appellants argue the loans are voidable based on fraud. In 2010, First United's president and principal pled guilty to bank fraud and tax evasion and was sentenced to six years in federal prison. *See United States v. Johnston*, No. Crim. 10-221 DSD, 2013 WL 5587951, at *1 (D. Minn. Oct. 10, 2013), *aff'd* (8th Cir. Dec. 11, 2013). The Minnesota Supreme Court described the fraudulent activity as follows:

> First United acted as a conduit between borrowers and lenders by making loans to borrowers and then selling "participation" interests in those loans to financial institutions. Beginning in 2002, First United began selling participation interests that exceeded the amount of the underlying loans ("oversold participations"), or that did not rest on any underlying loans at all ("fictitious participations").

*Finn v. All. Bank*, 860 N.W.2d 638, 642 (Minn. 2015). The superior court acknowledged First United's fraudulent activity, but concluded Appellants "were not the victims of this scheme."

¶15        A party claiming fraudulent inducement has the option of rescinding the contract or affirming the contract and suing for damages. *See Jennings v. Lee*, 105 Ariz. 167, 171 (1969). "[A] party seeking to rescind a contract must restore or offer to restore to the other party that which he has received under the contract." *Id*.

¶16        Appellants did not seek to affirm their contract with First United. Although they sought rescission, Appellants have not returned or offered to return the funds received from First United. Under these circumstances, the superior court properly rejected Appellants' fraudulent inducement defense.[2]

## II.    Dismissal of Counterclaims

¶17        Appellants next challenge the dismissal of their counterclaims for wrongful foreclosure and racketeering.[3] We review the superior court's ruling *de novo* and will affirm only if Appellants "would not be entitled to relief under any interpretation of the facts susceptible of proof." *Coleman v. City of Mesa*, 230 Ariz. 352, 356, ¶ 8 (2012), quoting *Fid. Sec. Life Ins. Co. v. State Dep't of Ins.*, 191 Ariz. 222, 224, ¶ 4 (1998).

### A.    Wrongful Foreclosure

¶18        Appellants' "wrongful foreclosure" counterclaim alleged that the trustee's sale was "wrongfully conducted." The superior court properly relied on A.R.S. § 33-811(C) as a basis for dismissing this claim.

---

[2]    Appellants rely on the Restatement (Second) of Contracts § 7 to argue that a "contract induced by fraud is voidable by the party who was the victim of the fraud" and cite three Arizona cases in support of their contention. Each case, though, involved an action for rescission. *See Berry v. Robotka*, 9 Ariz. App. 461, 462 (1969) (action by sellers to rescind contract for sale of real estate); *Horne v. Timbanard*, 6 Ariz. App. 518, 519 (1967) (action by salesman against broker to rescind agreement); *Miller v. Boeger*, 1 Ariz. App. 554, 555 (1965) (action by buyer to rescind real estate agreement). As explained *supra*, Appellants have neither returned nor offered to return the funds received from First United and therefore cannot maintain a rescission claim as a matter of law.

[3]    Appellants asserted additional counterclaims in the superior court but challenge only the dismissal of their counterclaims for wrongful foreclosure and racketeering.

**¶19**        Claims relating to a trustee's sale are "defined by the statutes governing deeds of trust." *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 300, ¶ 9 (2012). A.R.S. § 33-811(C) states:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 **shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure**, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

(Emphasis added.)

**¶20**        Because Appellants failed to enjoin the trustee's sale, they waived "any claims that are dependent on the sale." *Morgan AZ Fin., L.L.C. v. Gotses*, 235 Ariz. 21, 23–24, ¶ 7 (App. 2014). The "wrongful foreclosure" counterclaim is dependent on the trustee's sale. As such, the superior court properly dismissed that claim.

### B.        Racketeering

**¶21**        Appellants also filed a counterclaim pursuant to A.R.S. § 13-2314.04, Arizona's racketeering statute. A private cause of action for racketeering is authorized as follows:

> A person who sustains reasonably foreseeable injury to his person, business or property by a pattern of racketeering activity, or by a violation of § 13–2312 involving a pattern of racketeering activity, may file an action in superior court for the recovery of up to treble damages and the costs of the suit, including reasonable attorney fees for trial and appellate representation.

A.R.S. § 13-2314.04(A). To state a cause of action for civil racketeering, the plaintiff must allege damages "proximately caused by the defendant's violation of a predicate [racketeering] act." *Rosier v. First Fin. Capital Corp.*, 181 Ariz. 218, 222 (App. 1994).

**¶22**        In dismissing the racketeering counterclaim, the superior court concluded, among other things, that Appellants could not establish the requisite causation and damages. The counterclaim alleged Appellants suffered "loss of profit" from the sale of the Property and stated that "but

for" the conduct of First United and its receiver, "at the very least," Appellants would not have lost the Property through foreclosure. But well before Appellants filed their counterclaim, the superior court had rejected their claim of injury caused by First United. Specifically, the court had granted partial summary judgment to First United on a more developed record, concluding Appellants' loss was caused by their own default on the notes, not actionable conduct by First United. This conclusion, which we have affirmed, was well known to the parties when the motion to dismiss was litigated, permitting the superior court to conclude that the racketeering counterclaim failed to state a claim upon which relief could be granted. *See Gatecliff v. Great Republic Life Ins. Co.*, 154 Ariz. 502, 508 (App. 1987) (Proper to grant motion to dismiss when it is "certain that" the claimant "can prove no set of facts which will entitle them to relief upon their stated claims.").

## CONCLUSION

**¶23** We affirm the judgment of the superior court. Pursuant to A.R.S. § 12-341.01, we award First United its reasonable attorneys' fees incurred on appeal, as well as its taxable costs. Both awards are contingent on compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED: AA