NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

PHILLIP TERRY POTTER, *Plaintiff/Appellant,*

*v.*

ROBERT MEZA, et al., *Defendants/Appellees.*

No. 1 CA-CV 22-0441
FILED 10-17-2023

Appeal from the Superior Court in Maricopa County
No. CV2021-013210
The Honorable Jay R. Adleman, Judge

**AFFIRMED**

COUNSEL

Phillip Potter, Scottsdale
*Plaintiff/Appellant*

The Nelson Law Group, PLLC, Phoenix
By Timothy A. Nelson
*Counsel for Defendant/Appellee Robert Meza*

Maynard Cronin Erickson & Curran, PLC, Phoenix
By Daniel D. Maynard
*Counsel for Defendant/Appellee Alison Rapping*

Dickinson Wright PLLC, Phoenix
By P. Bruce Converse, Andrew J. Alvarado
*Counsel for Defendant/Appellee L. Henderson et al.*

**MEMORANDUM DECISION**

Judge Brian Y. Furuya delivered the decision of the Court, in which Judge Cynthia J. Bailey and Judge Michael J. Brown joined.

**F U R U Y A**, Judge:

¶1          Phillip Potter appeals the superior court's dismissal of his various claims against many defendants. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          This case originates with Potter's relationship to his now-ex-wife, Tasneem Doctor, which ended with their divorce in late 2021. In January 2020, Doctor sought and obtained an order of protection ("Order") against Potter containing what Potter alleges were "fabricated domestic violence allegations." The Order was quashed in April 2020. Potter alleges sometime in March 2020 Doctor sent a defamatory letter to Potter's business associates related to the quashed Order, among other things.

¶3          In April 2021, Potter filed a complaint in superior court (case number CV2021-005501), alleging one count of wrongful institution of civil proceedings against Doctor and her legal representatives and one count of aiding and abetting the first count against several other defendants, including Doctor's family, friends, and several fictitious defendants. The claims referred to the quashed Order and included over 116 pages of background information relating to Doctor's relationships with Potter, Robert Meza (a member of the Arizona Legislature), and other individuals and organizations.

¶4          In August 2021, Potter initiated this matter as a separately filed civil case (case number CV2021-013210), accusing Doctor of participating in a larger criminal enterprise with 24 other defendants, including major healthcare organizations, public figures, and other private individuals. His timely filed first amended complaint ("FAC") alleged thirteen counts against the various defendants, including one count each of wrongful institution of civil proceedings, defamation per se, negligence per se, conversion, unjust enrichment, tortious interference with business relationships, six counts of civil conspiracy to commit each prior tort alleged, and one count against all defendants under Arizona Revised

Statute ("A.R.S.") § 13-2314.04, Arizona's Racketeer Influenced and Corrupt Organizations ("RICO") Act. The FAC alleged Doctor filed the quashed Order, sent the defamatory letter, and committed other "harassing, threatening, [and] intimidating" acts to conceal a broader criminal conspiracy designed to financially benefit Meza. The FAC claimed the other named defendants knowingly supported Doctor's actions with intent to prevent Potter from exposing the alleged criminal organization.

¶5 Potter moved to consolidate CV2021-005501 and CV2021-013210. The court denied his motion finding the second case, CV2021-013210, "extends far beyond the allegations in CV2021-005501 and does not involve common questions of law or fact."

¶6 After three defendants had filed motions to dismiss, Potter moved to amend his FAC. His proposed Second Amended Complaint recategorized some information as "exhibits" and removed large portions of the FAC. The superior court found the proposed Second Amended Complaint "still fails to address numerous issues," including still-insufficient legal and factual allegations supporting both the RICO and civil conspiracy claims. It found leave to amend would be futile and denied Potter's motion.

¶7 Several other defendants, including the Appellees, filed motions to dismiss, and the court granted each one. Potter timely appealed. However, of the original 25 named defendants, only Blue Cross Blue Shield of Arizona, Inc.; Jewish Family and Children's Service, Inc.; Lorrie Henderson; Mercy Care; Tad Gary; Robert Meza; Pinnacle West Capital Corporation; Arizona Public Service; Jeff Guldner; Donald Brandt; PSA Behavior Health Agency; Shawn Emmons; and Alison Rapping (collectively "Appellees") are parties to this appeal. We have jurisdiction pursuant to A.R.S. §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

¶8 On appeal, Potter asks us to "establish jurisdiction, to recognize Appellant's standing,[1] to apply lawful methods for evaluating complaint sufficiency, to reinstate the complaint, to allow leave to amend

---

[1] Potter argues the superior court erred by finding he lacked standing. But the superior court did not make that finding. Instead, it noted it had "significant concerns" about standing yet dismissed the case under Rule 12(b)(6), not for lack of standing. We thus decline to address this argument.

3

to cure any actual complaint deficiencies, and to move the case to discovery in the interests of justice."

**¶9**        We review the superior court's grant of a motion to dismiss de novo. *Mirchandani v. BMO Harris Bank, N.A.*, 235 Ariz. 68, 70 ¶ 7 (App. 2014). To decide whether "a complaint states a claim on which relief can be granted, courts must assume the truth of all well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient." *Coleman v. City of Mesa*, 230 Ariz. 352, 356 ¶ 9 (2012).

## I.        Potter Waived His Abatement Argument.

**¶10**        For the first time on appeal, Potter argues the claims in his prior filing, CV2021-005501, abated the claims in this case, removing jurisdiction from the superior court.[2] He therefore has waived any theory of abatement, so we decline to address it. *See Barkhurst v. Kingsmen of Route 66, Inc.*, 234 Ariz. 470, 476 ¶ 22 (App. 2014) ("We generally do not consider arguments and legal issues on appeal that have not been specifically presented to the superior court.").

## II.       The Superior Court Did Not Err in Denying Potter's Motion to Consolidate.

**¶11**        To the extent Potter argues the superior court's denial of his Arizona Rule of Civil Procedure ("Rule") 42 motion for consolidation was error, we disagree. Rule 42 permits the court to consolidate multiple actions involving "a common question of law or fact." Ariz. R. Civ. P. 42(a). "Cases may be consolidated in the trial court's discretion, and we will not disturb such an order unless the court abused its discretion." *Hancock v. McCarroll*, 188 Ariz. 492, 495 (App. 1996).

**¶12**        The record supports the court's ruling. The complaint for CV2021-005501 names only six defendants in addition to several fictitious defendants and alleges just two claims. By contrast, CV2021-013210 names 25 defendants and alleges 13 claims. The cases share only six named

---

[2]        In a "Motion to Dismiss for Lack of Appellate Jurisdiction" from August 2023, Potter argues the same grounds likewise deprive us of appellate jurisdiction. Because Potter waived his abatement argument and we find the superior court and this court have jurisdiction, we deny his motion.

defendants and one claim. Rule 42's language is permissive, and the court did not abuse its discretion in declining to consolidate the two actions.

### III. The Superior Court Did Not Err in Dismissing Potter's FAC Pursuant to Rule 12(b)(6).

¶13        The court did not err in granting Appellees' motions to dismiss the FAC under Rule 12(b)(6). Potter's FAC fails to demonstrate any "distinct and palpable injury" sufficient to maintain any claims against the Appellees. Those allegations within the FAC that do impute harm to Potter by reason of Appellees' conduct are conclusory, speculative, or both. Other allegations state only generalized harm which would include harm suffered by the public at large. But the FAC is silent as to how any of these allegations involve Potter, much less caused him any damage. We address the deficiencies of each claim in turn.

#### A.        Civil Conspiracy

¶14        The FAC accuses Appellees of knowingly and actively participating in a criminal conspiracy and alleges they "agreed" to commit various crimes against Potter and others. "For a civil conspiracy to occur[,] two or more people must agree to accomplish an unlawful purpose or to accomplish a lawful object by unlawful means, causing damages." *Wells Fargo Bank v. Ariz. Laborers, Teamsters & Cement Masons*, 201 Ariz. 474, 498 ¶ 99 (2002) (citations omitted). Further, caselaw instructs "[t]here is a qualitative difference between proving an agreement to participate in a tort, i.e., a civil conspiracy, and proving knowing action that substantially aids another to commit a tort." *Id.* at 499 ¶ 101. In other words, it is not enough to allege knowing action contributing to commission of another's tort. To qualify as civil conspiracy, the necessary agreement among co-conspirators must be actual and not inferred because "it is unreasonable to infer a conspiratorial agreement." *Id.* Additionally, a mere agreement to do wrong is insufficient by itself to establish liability for civil conspiracy. *Id.* at 498 ¶ 99. The claim also requires that the underlying tort which the alleged conspirators agreed to commit is actually accomplished. *Id.*

¶15        We agree with the court's ruling that Potter's FAC lacks any well-pleaded factual allegations supporting his conspiracy claims against Appellees. Instead, the FAC recites conclusory statements the parties, among other permutations, "conspired," "committed to support[]," "coordinated, initiated, and executed" various alleged damages without providing a single supportive factual claim showing the existence of an

actual agreement between the Appellees to commit any tort which directly caused any harm to Potter.

¶16       Potter's conclusory allegations do not meet the particularity standard required for fraud claims. *See* Ariz. R. Civ. P. 9(b). Potter also failed to connect any alleged injury to the Appellees. Instead, each injury relates to his ex-wife's purported actions, not to those of Appellees. Accordingly, the court did not err in dismissing Potter's civil conspiracy claims.

### B.       RICO

¶17       Potter alleges he was injured by the conspiracy's "ongoing pattern of unlawful activity for financial gain." Arizona's RICO statute permits a civil cause of action for "reasonably foreseeable injury" to a claimant's "person, business or property by a pattern of racketeering activity." A.R.S. § 13-2314.04(A). To establish a "pattern of racketeering activity," Potter must show the Appellees committed one or more statutorily designated predicate offenses, resulting in injury. *See* A.R.S. § 13-2301. In other words, Potter must prove (1) Appellees committed a statutorily enumerated "predicate offense," and (2) the offense directly harmed him. *See Hannosh v. Segal*, 235 Ariz. 108, 111–12 ¶¶ 7–8 (App. 2014).

¶18       The FAC fails to sufficiently plead the elements of any requisite predicate offense. Potter generally asserts the Appellees collectively engaged in conspiracy in violation of A.R.S. § 13-1003, money laundering in violation of § 13-2317, and fraudulent schemes and artifices in violation of § 13-2310. To the extent the FAC alleges fraudulent activity, it is insufficiently vague and conclusory as to the circumstances showing the alleged offenses occurred. "If any pleading, motion or other paper includes an averment of fraud or coercion, it shall state these circumstances with particularity with respect to each defendant." A.R.S. § 13-2314.04(R); *see also* Ariz. R. Civ. P. 9. Potter does not offer a single allegation of specific conduct by Appellees in support of these sweeping assertions.

¶19       Even assuming the existence of a predicate offense under RICO, the FAC lacks any well-pleaded allegation that a predicate offense proximately caused Potter direct injury. *See Rosier v. First Fin. Cap. Corp.*, 181 Ariz. 218, 222 (App. 1994) (explaining A.R.S. § 13-2314 requires "a plaintiff demonstrate proximate causation before becoming eligible for treble damages"). Potter failed to show any direct relation between the Appellee's alleged violations and his injuries. *See Anza v. Ideal Steel Supply Corp.*, 547 U.S. 451, 461 (2006) (explaining the central question in proximate

causation analysis is "whether the alleged violation led directly to the plaintiff's injuries").

¶20 The FAC alleges Appellees laundered money through "fundraiser events" coordinated by Meza and through Meza's performance of certain consulting contracts. But the FAC is silent as to how these fundraising events or consulting contracts involved Potter or caused him damage. Potter argues Meza "defraud[ed] the public," but such generalized allegations of harm are insufficient to show damage under RICO. *See id.* at 458 (holding a plaintiff could not recover when the direct victim was the State of New York, not the plaintiff). Because Potter only alleges non-Appellee defendants personally harmed him, he has failed to adequately plead a RICO claim against Appellees and the court did not err by dismissing the same.

### C. Defamation Per Se

¶21 Potter's FAC fails to adequately allege a claim for defamation per se. Potter alleges Doctor authored an anonymous defamatory letter which, in unspecified "coordination" with Appellees, she sent to Potter's business associates, resulting in damage to his reputation. "Whether a statement is capable of defamatory meaning is a question of law for the court," *Dube v. Likins*, 216 Ariz. 406, 418–19 ¶ 43 (App. 2007), and we review questions of law de novo, *see Carlson v. Ariz. State Pers. Bd.*, 214 Ariz. 426, 430 ¶ 13 (App. 2007).

¶22 We cannot assess the letter's potentially defamatory nature because, as the court noted, neither the letter, nor a direct quote of its contents, has been produced. Additionally, the FAC makes only conclusory statements as to the Appellees' connection to the letter. Thus, Potter has not sufficiently pled the elements of defamation and the court did not err in dismissing the claim.

### D. Negligence Per Se

¶23 Potter asserts a negligence per se claim against Appellees based on alleged violations of A.R.S. § 13-1202(A)(1)–(3). A negligence per se claim must allege, among other things, the defendant violated a safety statute, and the plaintiff is among the "class of persons" the statute intends to protect. *Steinberger v. McVey ex rel. Cnty. of Maricopa*, 234 Ariz. 125, 139 ¶¶ 56–57 (App. 2014). "To provide the basis for a negligence per se claim, a statute 'must proscribe certain or specific acts[.] Therefore, if a statute defines only a general standard of care[,] negligence per se is

inappropriate.'" *Ibarra v. Gastelum*, 249 Ariz. 493, 495–96 ¶ 9 (App. 2020) (citations omitted).

**¶24**       Potter bases his negligence per se claim on A.R.S. § 13-1202, which prohibits individuals from "threatening or intimidating . . . by word or conduct" to cause injury to another person or damage another person's property to "promote, further or assist in the interests of . . . a criminal syndicate or a racketeering enterprise." A.R.S. § 13-1202(A)(1)–(3).

**¶25**       We concur with the court that A.R.S. § 13-1202 is not a "safety statute" and cannot form the basis for a negligence per se claim because it does not articulate more than a "general standard of care," *see Ibarra*, 249 Ariz. at 495–96 ¶ 9, nor does it identify a particular class of persons to be protected. Because the FAC fails to identify a violation of a qualifying safety statute, we need not address its other failures as to this claim. The court did not err in dismissing Potter's negligence per se claim.

## IV.       The Superior Court Did Not Err in Denying Potter's Motion for Leave to Amend the FAC.

**¶26**       Potter argues the court erred in denying his motion for leave to amend his FAC. Rule 15 permits a party to file a second amended complaint only with leave of court or written consent of all opposing parties. Ariz. R. Civ. P. 15(a)(1)–(2). We review denial of a motion for leave to amend a pleading for an abuse of discretion. *Matter of Torstenson's Est.*, 125 Ariz. 373, 376 (App. 1980) ("A motion for leave to amend a pleading is addressed to the sound discretion of the trial court[.]"). "Although the superior court has the discretion to deny a motion to amend, we review de novo whether a request to amend is futile." *Ute Mountain Ute Tribe v. Ariz. Dep't of Revenue*, 254 Ariz. 410, 416 ¶ 22 (App. 2023) (citation omitted). In determining a proposed amendment's futility, we take all well-pleaded factual allegations as true. *Id.* However, leave to amend should not be granted when the proposed amended pleading is legally insufficient on its face. *Matter of Torstenson's Est.*, 125 Ariz. at 377 (citation omitted).

**¶27**       The court denied the motion for leave to amend based upon the futility of amendment, finding the proposed Second Amended Complaint "still fails to address numerous issues," including still-insufficient legal and factual allegations supporting both the RICO and civil conspiracy claims. The court also found Potter's standing rested "entirely on conjecture and speculation" as to the "corporate entities and non-family members." We agree.

¶28  Potter's proposed Second Amended Complaint does not substantively change the FAC's contents, but merely recategorizes as "Exhibits"—or removes entirely—large sections of the FAC itself. And it continues to rely on the same legal conclusions and bald assertions fatal to the FAC. The proposed amendment also does not remedy the lack of distinct and palpable injury to Potter. Under these circumstances, the court did not abuse its discretion in denying Potter's motion for leave to amend.

## V. The Superior Court Did Not Err in Awarding Appellees' Reasonable Attorneys' Fees.

¶29  Potter argues the court erred by awarding a portion of Appellees' attorney's fees. The court granted Appellees' requests for attorneys' fees based on A.R.S. § 13-2314.04 (authorizing an award of attorneys' fees following successful defense of a racketeering claim), § 12-349 (permitting an award of attorneys' fees against a party who brings a claim "without substantial justification," "solely or primarily for delay or harassment," or who "[u]nreasonably expands or delays the proceedings"), and costs based on § 12-341 (prevailing parties to a civil action may recover costs). We review the court's decision to award attorneys' fees for an abuse of discretion. *Hannosh*, 235 Ariz. at 115 ¶ 22.

¶30  Despite concluding Potter's "inexplicable expansion of a family court dispute has caused the dismissed parties to incur significant attorney's fees and costs to defend an entirely frivolous action," the court declined to order the full amount requested by Appellees, instead limiting the award to approximately $10,000 per party plus costs. As Appellees are the prevailing party following their successful defense of Potter's racketeering claim, we affirm the court's award under A.R.S. § 13-2314.04 alone, and therefore conclude there was no abuse of discretion. For the same reason, we likewise award Appellees their reasonable attorneys' fees expended in this appeal, together with taxable costs, subject to compliance with Arizona Rule of Civil Appellate Procedure 21.

## CONCLUSION

¶31  We affirm.

