836 P.2d 1021

TANQUE VERDE ANESTHESIOLOGISTS, L.T.D. PROFIT SHARING PLAN, Plaintiff/Appellant,

v.

The PROFFER GROUP, INC., an Arizona corporation; James J. Mains, a single man; Austin Patterson and Deborah Patterson, husband and wife; E.L. Cambridge and Margaret Cambridge, husband and wife, Defendants/Appellees.

No. 2 CA–CV 91–0249.

Court of Appeals of Arizona, Division 2, Department B.

May 12, 1992.

Review Denied Oct. 6, 1992.

312

Slutes, Sakrison, Even, Grant & Pelander, P.C. by Mark Rubin, Tucson, for plaintiff/appellant.

Jeffrey J. Carter, Tucson, for defendants/appellees.

## OPINION

FERNANDEZ, Presiding Judge.

This case involves an attempt by a lender to recover the balance due under a promissory note after the deeds of trust securing the note were released. The trial court granted the borrowers summary judgment, holding that A.R.S. § 33–814(G) bars the deficiency action. We agree and affirm.

Appellee The Proffer Group, Inc. borrowed money from InterWest Bank pursuant to various agreements. Appellant Tanque Verde Anesthesiologists L.T.D. Profit Sharing Plan guaranteed the loans. Proffer used the loan proceeds to acquire distressed real estate and delinquent instruments secured by real property and to pay the indebtedness or acquire the properties through foreclosure proceedings, repair the properties, and sell them. Tanque Verde also lent money directly to Proffer for repairs, maintenance, and interest reserves. Appellees Mains, Patterson, and Cambridge guaranteed the loans from Tanque Verde.

After numerous transactions, Proffer was ultimately unable to sell one residence. Tanque Verde lent Proffer $32,800 on that property by satisfying Proffer's loan from InterWest Bank. As a result, Tanque Verde received an assignment of InterWest's beneficial interest in the deed of trust that secured repayment of Proffer's indebtedness to the bank. In addition, Tanque Verde directly lent Proffer money to service the debt to the bank and to repair the residence. In exchange, Proffer signed a promissory note and gave Tanque Verde a second deed of trust on the property.

Proffer ceased making payments on the loan in October 1989. It sold the residence in the fall of 1990 and requested that Tanque Verde release its deeds of trust to effectuate the sale. Tanque Verde agreed to release them in consideration for the payment from escrow of $36,863.09. The

deed of release and reconveyance of the second deed of trust contains the following language: "The execution of this Deed of Release and Reconveyance does not constitution [sic] evidence of full satisfaction of the Promissory note for which the Deed of Trust referenced herein provides security." A doctor who participated in the transactions stated in an affidavit that Tanque Verde would not have released the second deed of trust without including that language in the release.

Tanque Verde sued for its unpaid balances of $1,808.56 on the first loan and $6,069.56 on the second loan. The affidavit, however, only stated the total due on the second loan. Both parties moved for summary judgment, and the court granted Proffer's cross-motion.

Tanque Verde contends that the trial court erred in ruling that it cannot obtain a deficiency judgment, arguing that a lender with a non-purchase money note secured by a deed of trust covering property described by A.R.S. § 33–814(G) may release the deed of trust and seek a judgment on the unpaid obligation. Tanque Verde also argues that its release and reconveyance, which included specific disclaimer language, does not constitute a "waiver" of its security as contemplated by the Arizona Supreme Court in *Mid Kansas Federal Savings & Loan Association v. Dynamic Development Corp.*, 167 Ariz. 122, 804 P.2d 1310 (1991).

■ Arizona has two anti-deficiency statutes: 1) A.R.S. § 33–729(A), which applies to purchase money mortgages and to purchase money deeds of trust that are judicially foreclosed, *Baker v. Gardner*, 160 Ariz. 98, 770 P.2d 766 (1989); and 2) A.R.S. § 33–814(G), which applies to all deeds of trust foreclosed by trustee's sale whether or not they secure purchase money obligations. Both sections prohibit the entry of a deficiency judgment after the forced sale of a parcel of "property of two and one-half acres or less which is limited to and utilized for either a single one-family or a single two-family dwelling." A.R.S. §§ 33–729(A) and –814(G). Arizona also has an election of remedies statute that is

applicable to mortgages. Under A.R.S. § 33–722, a mortgagee can sue to judicially foreclose its mortgage or can sue on the note and waive the mortgage, but it cannot maintain both actions simultaneously.

■ In *Mid Kansas, supra,* a lender that acquired the collateral by foreclosing on a second deed of trust through a non-judicial sale sued for the balance due on its note secured by the first deed of trust. In construing the anti-deficiency statutes, the court observed that when

[r]ead together, therefore, the statutes enact the following scheme: when the holder of a non-purchase money deed of trust of the type described in A.R.S. § 33–814(G) forecloses by non-judicial sale, the statute protects the borrower from a deficiency judgment. The lender therefore may not waive the security and sue on the note. [Citation omitted.] The holder may, however, seek to foreclose the deed of trust as if it were a mortgage, as allowed by § 33–814(E); if he does so, the debtor is allowed redemption rights under §§ 33–726 and 12–1281 through 12–1289 and is thus protected from low credit bids, but the holder may recover a deficiency judgment—the difference between the balance of the debt and the sale price—unless the note is a purchase money obligation. In the latter case, the borrower is protected by the mortgage anti-deficiency statute, A.R.S. § 33–729(A), which applies only to purchase money obligations.

167 Ariz. at 127, 804 P.2d at 1315. The court held that the property involved in that case did not come within the anti-deficiency statutes. In this case, however, there is no question that the property comes within the statutes.

Tanque Verde acknowledges both that it agreed to release the trust deeds in exchange for the receipt of some $36,000 in escrow proceeds and that it received the amount agreed upon. It presented no evidence that the parties agreed that Proffer would pay any deficiency that remained after the trust deeds were released. It also presented no evidence that the parties agreed to insertion of the disclaimer lan-

guage in the deed of reconveyance. In the affidavit that Tanque Verde filed below, the doctor merely stated that Tanque Verde would not have released the trust deed without the insertion of that language. The deed of reconveyance itself is signed only by Tanque Verde.

Although no trustee's sale occurred in this case, we agree with Proffer that, based on the holdings of *Baker, supra,* and *Mid Kansas, supra,* and absent evidence of an agreement to the contrary, when Tanque Verde signed the deed of release and reconveyance, it thereby waived its right to seek a deficiency judgment.

Appellees will be awarded attorney's fees on appeal upon compliance with Rule 21(c), Ariz.R.Civ.App.P., 17B A.R.S.

Affirmed.

HATHAWAY and LIVERMORE, JJ., concur.