283 P.3d 41

**NATIONAL BANK OF ARIZONA, a national banking association, Plaintiff/Appellee,**

v.

**Richard A. SCHWARTZ and Sigrid E. Schwartz, husband and wife, Defendants/Appellants.**

No. 1 CA–CV 10–0772.

Court of Appeals of Arizona, Division 1, Department D.

June 26, 2012.

Dillingham & Reynolds, L.L.P. by John L. Dillingham, Phoenix, Attorneys for Appellants.

Jennings, Strouss & Salmon, P.L.C. by Michael J. Farrell and Todd B. Tuggle, Phoenix, Attorneys for Appellee.

## OPINION

THOMPSON, Presiding Judge.

¶ 1 This is a deficiency action following a trustee's sale. Richard and Sigrid Schwartz (homeowners) appeal the trial court's order denying their motion to dismiss or, in the alternative, motion to compel arbitration as required under National Bank of Arizona's (Bank's) promissory note. Finding arbitration is required, we reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

¶ 2 In February 2007, the Bank loaned homeowners $1,360,000 secured by a deed of trust on their real property located in Scottsdale, Arizona. Homeowners executed a promissory note on the debt that contained an arbitration provision. Homeowners allegedly failed to repay the loan as agreed and the Bank proceeded with non-judicial foreclosure on the collateral property under Arizona Revised Statutes (A.R.S.) § 33–814 (2007). According to the verified complaint, Bank

entered a credit bid of $675,000,[1] leaving a deficiency of $764,680.31 plus accruing interest.

¶ 3 Within ninety days of the trustee's sale, Bank filed a deficiency action against homeowners.[2] Homeowners notified Bank of their intent to pursue arbitration as outlined in the promissory note and soon thereafter filed a motion to dismiss on the basis that the court lacked subject matter jurisdiction or, in the alternative, to compel arbitration. Bank opposed the motion, asserting the deficiency claim was "ancillary" to the non-judicial foreclosure and therefore not subject to arbitration. Bank alternatively requested that, if the claim was subject to arbitration, the matter be stayed pending resolution of arbitration or saved under the savings statute, A.R.S. § 12–504, so as to allow future refiling of the action. The trial court, after argument and briefing, denied the motion to compel arbitration and declined to dismiss the action. This appeal followed. We have jurisdiction.

## DISCUSSION

¶ 4 The trial court's review on a motion to compel arbitration is limited to the determination as to whether an arbitration agreement exists. A.R.S. § 12–1502(A), (B) (2003); *Foy v. Thorp*, 186 Ariz. 151, 153–54, 920 P.2d 31, 33–34 (App.1996). Section 12–1502(A) reads:

> On application of a party showing an agreement described in § 12–1501, and the opposing party's refusal to arbitrate, the court shall order the parties to proceed with arbitration, but if the opposing party denies the existence of the agreement to arbitrate, the court shall proceed summarily to the determination of the issue so raised and shall order arbitration if found for the moving party. Otherwise, the application shall be denied.

Section 12–1501 reads:

> A written agreement to submit any existing controversy to arbitration or a provision in a written contract to submit to arbitration any controversy thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract.

We apply a de novo standard of review. *City of Tucson v. Clear Channel Outdoor, Inc.*, 218 Ariz. 172, 178, ¶ 5, 181 P.3d 219, 225 (App.2008) (statutory construction is a matter of law); *Grosvenor Holdings, L.C. v. Figueroa*, 222 Ariz. 588, 593, ¶ 9, 218 P.3d 1045, 1050 (App.2009) (contract interpretation is a matter of law).

¶ 5 It is undisputed that the promissory note signed by homeowners contained an arbitration provision. The arbitration provision states, in pertinent part:

> (a) **Any claim or controversy ("Dispute")** between or among the parties and their employees, agents, affiliates, and assigns, including, but not limited to, Disputes arising out of or relating to this agreement, this arbitration provision ("arbitration clause"), **or any related agreements or instruments relating hereto** or delivered in connection herewith ("Related

---

1. A credit bid is a bid made by the beneficiary in full or partial satisfaction of the contract secured by the trust deed. A.R.S. § 33–801(5) (2007). Bank asserted $675,000 was the fair market value at the time of the sale.

2. The record is devoid of an explanation as to why the anti-deficiency statutes are inapplicable here. We are unable to discern if the property was too large or that the promissory note was not for purchase money or why the anti-deficiency statutes do not apply to homeowners.

   We note that Arizona has two anti-deficiency statutes: (1) A.R.S. § 33–729(A), which applies to purchase money mortgages and purchase money deeds of trust that are judicially foreclosed, *Baker v. Gardner*, 160 Ariz. 98, 770 P.2d 766 (1988); and (2) A.R.S. § 33–814(G), for deeds of trust foreclosed by trustee's sale whether or not they secure purchase money obligations. And both anti-deficiency statutes prohibit the entry of a deficiency judgment after the forced sale of a parcel of "property of two and one-half acres or less which is limited to and utilized for either a single one-family or a single two-family dwelling." A.R.S. §§ 33–729(A) and –814(G). Arizona also has an election of remedies statute applicable to mortgages. Under A.R.S. § 33–722, a mortgagee can sue to judicially foreclose its mortgage or can sue on the note and waive the mortgage, but it cannot maintain both actions simultaneously. *See Tanque Verde Anesthesiologists L.T.D. Profit Sharing Plan v. Proffer Group, Inc.*, 172 Ariz. 311, 313, 836 P.2d 1021, 1023 (App.1992).

Agreements"), and including, but not limited to, a Dispute based on or arising from an alleged tort, shall at the request of any party be resolved by binding arbitration in accordance with the applicable arbitration rules of the American Arbitration Association (the "Administrator")....

...

(e) No provision of this arbitration clause, nor the exercise of any rights hereunder, shall limit the right of any party to: (1) judicially or non-judicially foreclose against any real or personal property collateral or other security; (2) exercise self-help remedies, including but not limited to repossession and setoff rights; or (3) **obtain from a court having jurisdiction thereover any provisional or ancillary remedies including but not limited to injunctive relief, foreclosure, sequestration, attachment, replevin, garnishment, or the appointment of a receiver.** ... If any party desires to arbitrate a Dispute asserted against such party in a complaint, counterclaim, cross-claim, or third-party complaint thereto, or in any answer or other reply to any such pleading, such party must make an appropriate motion to the trial court seeking to compel arbitration.... (Emphasis added.)

¶ 6 The Bank argues, as it has before[3], that the deficiency action is "ancillary" to its statutory foreclosure action and therefore excepted from the arbitration agreement. Specifically stating:

Consequently, a deficiency action arises out of, relates to, and is dependent upon the non-judicial foreclosure of a deed of trust. The deficiency action is thus an "ancillary remedy" necessarily related to the nonjudicial foreclosures.

The trial court adopted that reasoning, finding:

[t]here would be no deficiency without a foreclosure; deficiency arises from the foreclosure. Therefore, a deficiency action

is excluded from arbitration under the terms of the Note.

We disagree.

¶ 7 The debt arises from the promissory note. It is contractual. Such debt may be secured by a deed of trust or mortgage. In the case of default, Arizona statutes may allow or control how the debt may be pursued, for example, by imposing a statute of limitations or by limiting recovery on a purchase money contract where debt was purchase money for "property of two and one-half acres or less which is limited to and utilized for either a single one-family or a single two-family dwelling." A.R.S. §§ 33–729(A) and –814(G). Rather than the deficiency flowing from the foreclosure, as asserted by Bank, the debt and all the potential recovery flow from the promissory note. This has long been the case.

¶ 8 In *Bank of Douglas v. Neel*, 30 Ariz. 375, 380–81, 247 P. 132, 134 (1926), our supreme court said:

It will be seen by a careful examination of these sections that there is but one judgment docketed by the clerk in case of foreclosure of a mortgage given as security for a debt, and it is for the full amount of the debt. As ancillary thereto, if the complaint requests it, there is an order for foreclosure of the mortgage lien, and that a special execution issue for the sale of the mortgaged property. The statute then provides that upon the return of the special execution and a credit being made on the judgment docket by the clerk of the amount made thereby, if the mortgaged property did not bring enough to satisfy the judgment, a general execution may be issued for the balance due in all cases where there has been personal service on the defendant or he has appeared in the action.

Technically speaking, there is no such thing under our law as a 'deficiency judgment' in the sense that a formal judgment of that description is rendered by the court, or entered by the clerk for the amount not made by the sale of the mort-

---

3. This arbitration issue has previously been resolved against National Bank twice in memorandum decisions by this court. *See Nat. Bank of Ariz. v. Stockton*, 1 CA–CV 09–0692, 2011 WL 553226 (Ariz.App. Feb. 17, 2011) and *Nat. Bank of Ariz. v. Lee*, 2 CA–CV 2009–0158, 2010 WL 2501476 (Ariz.App. June 21, 2010).

gaged property. There is only the original judgment for the full amount of the indebtedness, upon which a deficiency may exist after the issuance and return of the special execution, or even perhaps of one or more general executions in addition. It has nevertheless been customary in ordinary parlance to refer to the amount still due after the return of the special execution as a 'deficiency judgment,' and it was in this sense we used the phrase in the case of *Lewis v. Hornback,* 27 [28] Ariz. [546], 237 P. 952.

¶ 9 The Arizona statutes governing foreclosures, mortgages and deeds of trust are in accord with the interpretation that the contractual debt is foremost with any foreclosure or sale being secondary and merely a means of recovery on the original debt. A "Trust deed" is defined as "a deed executed in conformity with this chapter ... **to secure the performance of a contract or contracts** ...." A.R.S. § 33–801(8) (Emphasis added). Section 33–807(A) details when there can be a foreclosure under a trust deed: "trust property may be sold, in the manner provided in this chapter, after a breach or default **in performance of the contract or contracts,** for which the trust property is conveyed as security, or a breach or default of the trust deed." (Emphasis added.) Section 33–812 directs the disposition of proceeds from a sale "to the payment of the contract or contracts secured by the trust deed" and makes provisions for excess funds after payment of the contract and other fees. Section 33–725(A), judgment of foreclosure, states that "[w]hen a mortgage or deed of trust is foreclosed, the court shall give judgment for the **entire amount determined due,** and shall direct the mortgaged property, or as much thereof as is necessary to satisfy the judgment, to be sold." (Emphasis added.) Section 33–727 provides in pertinent part "if the mortgaged property does not sell for **an amount sufficient to satisfy the judgment,** an execution may be issued for the balance against the mortgagor...." (Emphasis added.) The promissory note is the primary source of the debt. And, as the debt on the promissory note is primary, the foreclosure or trustee's sale is ancillary to the collection of the debt, not the other way around.[4,5]

¶ 10 The arbitration clause in the promissory note states that "Any claim or controversy ("Dispute") ... arising out of or relating to this agreement, ... shall at the request of any party be resolved by binding arbitration." The use of the word "shall" indicates a mandatory intent. *See Ins. Co. of N. Am. v. Superior Court,* 166 Ariz. 82, 85, 800 P.2d 585, 588 (1990). Homeowners requested arbitration and all disputes not specifically excepted by section 7(e) are subject to arbitration. Therefore, interpreting the contract as a whole we find any deficiency action against homeowners is subject to the arbitration clause in the originating document.

### CONCLUSION

¶ 11 For these reasons, we reverse and remand to the trial court with instructions to order the parties to arbitration and to enter a stay of the proceedings as required by A.R.S. § 12–1502(D) (2003).

CONCURRING: MAURICE PORTLEY and JOHN C. GEMMILL, Judges.

---

**4.** This result is consistent with one of the cardinal rules of interpretation, *ejusdem generis,* which provides that "when a general word or phrase follows a list of specifics, the general word or phrase will be interpreted to include only items of the same type as those listed." Black's Law Dictionary 556 (8th ed. 2004). Here, Section 7(e) of the arbitration provision provides "any provisional or ancillary remedies including but not limited to injunctive relief, foreclosure, sequestration, attachment, replevin, garnishment, or the appointment of a receiver." These ancillary or provisional remedies are all equitable remedies.

**5.** The trial court found that A.R.S. § 33–814(A), "Within ninety days after the date of the sale of trust property under a trust deed ... an action may be maintained to recover a deficiency judgment," supported the dismissal here because an "action" is necessarily a "matter proceeding in court...." This begs the question. The purpose of arbitration is to avoid unnecessary litigation. To require litigation where the parties have explicitly agreed to arbitration is counterintuitive.