NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

## DIVISION ONE

———————————————

PHOENIX-TUCSON RANCH, LLC, an Arizona limited liability company,
*Plaintiff/Appellant*,

*v.*

ROBERT CHARLES ENGELSTAD and DOLORES ANN ENGELSTAD
REVOCABLE TRUST; GERALD L. and CAROL A. DEETZ, husband and
wife; MARILYN A. GALLAGHER REVOCABLE TRUST; STERLING
TRUST COMPANY, Custodian fbo Gary Frank Klingl a/c 85739; ROBERT
C. ENGELSTAD, a married man; GARY F. KLINGL, a married man; and
PATRICK E. GALLAGHER, a married man, *Defendants/Appellees*.

———————————————————————————————

HIDDEN VALLEY RANCH I, LLC, *Plaintiff/Appellant*,

*v.*

ROBERT CHARLES ENGELSTAD and DOLORES ANN ENGELSTAD
REVOCABLE TRUST, et al., *Defendants/Appellees*.

———————————————————————————————

GARY KLINGL, as beneficiary of Sterling Trust Co. FBO Gary Frank
Klingl; GERALD L. DEETZ and CAROL A. DEETZ, husband and wife, as
a marital community; ROBERT ENGELSTAD and DOLORES ANN
ENGELSTAD, husband and wife, as trustees of the Robert & Dolores Ann
Engelstad Revocable Trust; PATRICK E. GALLAGHER and MARILYNN
A. GALLAGHER, husband and wife, as trustees of the First Amended &
Restated Patrick E. Gallagher Revocable Trust Agreement and the First
Amended & Restated Marilynn A. Gallagher Revocable Trust Agreement;
and WINSTON C. LISTER and ROSIE LISTER, husband and wife, as
trustees for the Lister Family Revocable Trust, *Claimants/Appellees*,

*v.*

HIDDEN VALLEY RANCH I, LLC, an Arizona limited liability company;
HIDDEN VALLEY RANCH II, LLC, an Arizona limited liability company;
PHOENIX-TUCSON RANCH, LLC, an Arizona limited liability company;
and PRIME EARTH DEVELOPMENT COMPANY, LLC, an Arizona
limited liability company, *Respondents/Appellants*.

Nos. 1 CA-CV 14-0780
1 CA-CV 15-0212
1 CA-CV 16-0075
(Consolidated)
FILED 3-28-2017

———————————————

Appeal from the Superior Court in Maricopa County
Nos. CV2014-003680
CV2014-003681
CV2015-003361
The Honorable David O. Cunanan, Judge
The Honorable Robert H. Oberbillig, Judge
The Honorable David B. Gass, Judge

**AFFIRMED**

———————————————

COUNSEL

Theobald Law, PLC, Phoenix
By Scott M. Theobald, Mark A. Nickel
*Counsel for Plaintiffs/Appellants*

Polsinelli PC, Phoenix
By Paul J. Roshka, Jr., Craig M. Waugh
*Counsel for Defendants/Appellees*

———————————————

**MEMORANDUM DECISION**

Judge Lawrence F. Winthrop delivered the decision of the Court, in which
Presiding Judge Randall M. Howe and Judge Jon W. Thompson joined.

**W I N T H R O P**, Judge:

¶1          Phoenix-Tucson Ranch, LLC ("PTR"), Hidden Valley Ranch I, LLC ("HVRI"), and Prime Earth Development Company, LLC ("PEDCO") appeal the superior court's orders compelling arbitration of their declaratory actions against five of their investor members ("Five Members").  Additionally, PTR, HVRI, PEDCO, and Hidden Valley Ranch II, LLC ("HVRII") appeal the superior court's confirmation of the arbitrator's awards.  For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2          PTR, HVRI, HVRII, and PEDCO (collectively, "Appellants") are limited liability investment companies that purchase unimproved land for investment purposes.  PEDCO manages PTR, HVRI, and HVRII.  The Five Members are a group who, individually or through trusts, collectively invested approximately $1.4 million in one or more of the Appellant LLCs.

¶3          Several years after investing in the companies, the Five Members made multiple requests to examine the LLCs' business records.  Appellants made certain records available, but refused to provide others.

¶4          On June 9, 2014, the Five Members filed a demand for arbitration before the American Arbitration Association, seeking an award compelling Appellants to provide certain business records to the Five Members, in accordance with the LLCs' relevant operating agreements[1] and Arizona Revised Statute ("A.R.S.") section 29-607 (2014).[2]  That same day,

---

[1]      The parties' operating agreements included a clause stating that "any dispute arising out of this Agreement shall be resolved through arbitration . . . ."

[2]      We cite a statute's current version absent material revisions after the relevant date.  Section 29-607(A) requires a limited liability company to keep certain records, including financial information, at its place of business.  *See* A.R.S. § 29-607(A)(5), (6).  Members of limited liability companies may inspect and copy those records and "[i]nspect and copy other information regarding the affairs of the limited liability company as is just and reasonable for any purpose reasonably related to the member's interest."  A.R.S. § 29-607(B)(1), (2).

Appellants PTR, HVRI, and HVRII filed declaratory actions against the Five Members, requesting, among other things, that the superior court limit the Five Members' access to the records. Several days later, PEDCO filed its separate declaratory action after purporting to modify its operating agreement to preclude arbitration for matters involving declaratory relief.[3]

¶5            The Five Members then moved to compel arbitration of the declaratory actions. The superior court granted the motions to compel arbitration in each of the four separate declaratory actions. The superior court entered final orders in the PTR and HVRI actions, and PTR and HVRI immediately appealed those orders to this court.[4]

¶6            All four declaratory relief actions were addressed in a single arbitration hearing in October 2014 before a single arbitrator. The arbitrator issued an interim award in November 2014, finding that PEDCO's attempted amendment to its operating agreement was null and void; that the Five Members were permitted to amend their pleadings to indicate which parties were serving in their capacities as trustees, rather than as individuals;[5] that the matters presented were arbitrable and enforceable in accordance with the LLCs' operating agreements; and that Appellants were required to make available for inspection and copying certain business records for the three years prior to the date of the original written request

---

[3]        PEDCO's original operating agreement provided, "The parties agree that any dispute arising out of this Agreement shall be resolved through arbitration . . . ." As amended, the clause provided, "Except for actions or proceedings filed in federal or state courts seeking declaratory relief, any dispute arising out of this Agreement shall be resolved through arbitration . . . ."

[4]        This court stayed those appeals pending the superior court's resolution of Appellees' later-filed motion requesting confirmation of the arbitration awards.

[5]        At the conclusion of the hearing, the Five Members amended their pleadings and Appellants did not object to the accuracy of the amended caption. The arbitrator consequently deemed that issue moot.

of any one of the Five Members.[6] Three months later, the arbitrator issued a final award, granting the Five Members costs and attorneys' fees.

¶7 In March 2015, the Five Members moved the superior court to confirm the arbitration awards, alleging Appellants had refused to comply with the awards. In response, Appellants moved to vacate the arbitration awards, and the court heard oral argument on both parties' motions.

¶8 In July 2015, the superior court issued a detailed ruling denying Appellants' challenges to the arbitrator's awards, and later issued an order denying Appellants' motion to vacate and granting the Five Members' motion to confirm the arbitration awards. The court also awarded the Five Members attorneys' fees and costs.

¶9 In January 2016, the superior court entered a final judgment confirming the arbitration awards. Appellants timely appealed, and this court consolidated that appeal with the already pending appeals previously filed by PTR and HVRI, which challenged the superior court's orders granting the Five Members' motions to compel arbitration. Additionally, this court stayed the portion of the superior court's judgment requiring Appellants to disclose the requested business records.

¶10 In September 2016, the superior court entered a final order dismissing all claims in the PEDCO action, and PEDCO separately appealed that decision to this court. *See Prime Earth v. Engelstad, et al.*, 1 CA-CV 16-0636.[7]

---

[6] The interim award directed Appellants to make available financial statements, complete tax returns and reports, and basic supporting documentation, including the entities' general subsidiary ledgers and journals.

[7] A motions panel of this court previously denied PEDCO's motion to consolidate its appeal in 1 CA-CV 16-0636 with this consolidated appeal. But we are not bound by decisions made by the motions panel, *see State ex rel. Brnovich v. Culver*, 240 Ariz. 18, 20 n.4, ¶ 12, 375 P.3d 83, 85 n.4 (App. 2016), and in reviewing PEDCO's opening brief in 1 CA-CV 16-0636 and PEDCO's March 1, 2017 motion for clarification, the court recognizes that PEDCO's claim regarding the enforceability of its amended operating agreement was ripe for consideration in this consolidated appeal because the trial court issued a final decision in that matter in September

**¶11** We have jurisdiction pursuant to Article 6, Section 9, of the Arizona Constitution and A.R.S. sections 12-2101(A)(1) (2016) and 12-120.21(A)(1) (2016).

## ANALYSIS

> I. *The Superior Court Did Not Err in Compelling Arbitration of the Declaratory Actions*

**¶12** "The trial court's review on a motion to compel arbitration is limited to the determination as to whether an arbitration agreement exists." *Nat'l Bank of Ariz. v. Schwartz*, 230 Ariz. 310, 311, ¶ 4, 283 P.3d 41, 42 (App. 2012); *see also* A.R.S. § 12-3006(B) (2016) ("The court shall decide whether an agreement to arbitrate exists or a controversy is subject to an agreement to arbitrate."). "[T]he fundamental prerequisite to arbitration is the existence of an actual agreement or contract to arbitrate." *Schoneberger v. Oelze*, 208 Ariz. 591, 595, ¶ 17, 96 P.3d 1078, 1082 (App. 2004), *superseded by statute*, 2008 Ariz. Sess. Laws, ch. 247, § 16 (2d Reg. Sess.) (current version at A.R.S. § 14-10205 (2012)). Such an agreement is valid and enforceable "except on a ground that exists at law or in equity for the revocation of a contract." A.R.S. § 12-3006(A).

**¶13** Absent clear error, we defer to the factual findings upon which the trial court's conclusions are based. *Estate of Decamacho ex rel. Guthrie v. La Solana Care & Rehab, Inc.*, 234 Ariz. 18, 20, ¶ 8, 316 P.3d 607, 609 (App. 2014). But we review the trial court's conclusions of law *de novo*. *Id.*

**¶14** Appellants challenge the trial court's orders compelling arbitration on a number of grounds. First, Appellants argue the trial court in the PEDCO action erred in declining to apply and enforce PEDCO's amendment to the operating agreement, which purported to preclude

2016. Accordingly, we have granted the motion for clarification in part, and will address below PEDCO's separately-raised issue concerning the applicability and enforceability of the arbitration provision in its amended operating agreement. The other issues PEDCO raises in 1 CA-CV 16-0636—whether the trial court erred in compelling arbitration despite the incorrect identification of certain individuals in the pleadings and whether the trial court's determination that the level of "dispute" between the parties was sufficient to compel arbitration—are also addressed in this memorandum decision. Our resolution of these issues, therefore, moots PEDCO's separate appeal in 1 CA-CV 16-0636, and an order of dismissal will issue in that appeal.

arbitration of actions for declaratory relief. But PEDCO did not attempt to modify the arbitration agreement until after the Five Members had already filed a demand for arbitration. Appellants contend PEDCO was entitled to amend its operating agreement because arbitration is a "creature of contract," but they have not cited any authority to support the argument that amendments to arbitration agreements made after the initiation of litigation can apply retrospectively. Appellants also argue the trial court should have held an evidentiary hearing to determine whether arbitration was appropriate, however "a trial court is not required to hold an evidentiary hearing if the facts produced in support of the claim or defense have so little probative value, given the quantum of evidence required, that reasonable people could not agree with the conclusion advanced by the proponent of the claim or defense." *Brake Masters Sys., Inc. v. Gabbay*, 206 Ariz. 360, 365, ¶14, 78 P.3d 1081, 1086 (App. 2003) (internal citations and quotations omitted). Further, Appellants' claim that "the Members of PEDCO, by a Super-Majority vote, affirmed that they did <u>not</u> want a AAA Arbitration to proceed," was called into question by the arbitrator, who noted in his award that there was "conflicting testimony as to whether all of [PEDCO's] members were properly noticed of the proposed amendment," and found, both factually and as a matter of law, that such amendment was untimely and unenforceable. Accordingly, we conclude on this record that the trial court did not err in determining arbitration was appropriate in the PEDCO action.

¶15         Next, Appellants contend the trial court erred in compelling arbitration because the caption and pleadings initially incorrectly identified certain people as members of the LLCs in their individual capacities instead of identifying them as members of the LLCs in their capacities as trustees of trusts. Appellants maintain that the incorrectly identified individuals were not proper parties and therefore no agreement to arbitrate existed between Appellants and those individuals. Before the issuance of the arbitrator's interim award, however, the Five Members amended the captions and their pleadings to reflect, where necessary, which individuals were serving in their capacity as trustees of trusts. Appellants did not object to the accuracy of the amended pleadings, and do not do so now. Rather, they argue they were "harmed" by having to proceed with arbitration despite the error in the pleadings. We reject this argument as unsupported and moot. "Failure to formally amend [] pleadings will not affect a judgment based upon competent evidence." *Elec. Advert., Inc. v. Sakato*, 94 Ariz. 68, 71, 381 P.2d 755, 756-57 (1963). Further, the pleading error was corrected and accepted by the arbitrator before the interim award was issued. The final award that was appealed to the superior court and to this court accurately reflects the parties in their proper capacities. And,

Appellants do not explain how the presentation of the matter to the arbitrator would have been different without the technical pleading error. Most importantly, the arbitrator found that competent evidence supported an award in favor of the Five Members.

**¶16**        Finally, Appellants argue the trial court erred in compelling arbitration because, at the time the declaratory actions were filed, there was no "dispute" between the parties.[8]   Appellants claim that the filing of declaratory actions constitutes insufficient evidence of a "dispute," and, by filing the declaratory actions here, they merely intended to seek guidance from the superior court as to whether the LLCs' operating agreements entitled the Five Members to the records they requested.

**¶17**        As support for their argument, Appellants cite cases from the Seventh and Ninth Circuit Appellate Courts.[9]   The cases Appellants rely on, however, are inapposite.   In those cases, one party was attempting to impute an interpretation of a contract to another party for the purpose of creating an issue for arbitration.   *See Chicago Typographical Union No. 16 v. Chicago Sun-Times, Inc.*, 860 F.2d 1420, 1425 (7th Cir. 1988) (stating that one party's "unsupported suspicions" about how the other party might interpret a contract was insufficient evidence of a dispute); *Alpha Beta Co. v. Retail Store Emps. Union, Local 428*, 671 F.2d 1247 (9th Cir. 1982) (holding no dispute existed where an employer merely suspected that a union would adopt a different interpretation of a clause in a contract between the parties).

**¶18**        Here, however, neither party was imputing an interpretation of the LLCs' operating agreements to the other party.   Rather, at the time Appellants filed the declaratory actions, both parties had already espoused contradictory interpretations of the operating agreements in letters to each other and through counsel.   Further, in their requests for declaratory relief, Appellants confirmed the existence of a dispute by stating, "Defendants are not entitled to inspect or copy . . . Plaintiff's financial records. . . . Notwithstanding the foregoing, Defendants continue to claim that they are

---

[8]        The parties' operating agreements specify that "any *dispute* arising out of this Agreement shall be resolved through arbitration . . . ." (emphasis added).

[9]        If on point, federal precedent may be instructive, but is not binding on this court.   *See, e.g.*, *State v. Mitchell*, 234 Ariz. 410, 418, ¶ 29, 323 P.3d 69, 77 (App. 2014) ("[D]ecisions of the Ninth Circuit, although persuasive, are not binding on Arizona courts.").

entitled to inspect and copy Plaintiff[']s financial records . . . ." Thus, the record clearly demonstrates the existence of a dispute.

¶19 Moreover, in Arizona, courts generally resolve doubts about the arbitrability of disputes in favor of arbitration. *See Sun Valley Ranch 308 Ltd. P'ship ex rel. Englewood Properties, Inc. v. Robson*, 231 Ariz. 287, 292, ¶ 13, 294 P.3d 125, 130 (App. 2012). And, as the trial court in the HVRI action recognized, the arbitration clause in the parties' operating agreements in this case "is broad and applies to any dispute."

¶20 Accordingly, the record supports the trial court's orders compelling arbitration.

        II.     *The Superior Court Did Not Err in Confirming the Arbitrator's Awards*

¶21 Pursuant to A.R.S. § 12-3023(A)(4) (2016), an arbitrator's award may be vacated where the arbitrator exceeded his powers. "[The] party attacking the award has the burden of showing that the arbitrator[] exceeded [his] powers under the [agreement]." *Smitty's Super-Valu, Inc. v. Pasqualetti*, 22 Ariz. App. 178, 182, 525 P.2d 309, 313 (App. 1974). "We review the superior court's decision to confirm an arbitration award in the light most favorable to upholding the decision and will affirm unless the superior court abused its discretion." *RS Industries, Inc. v. Candrian*, 240 Ariz. 132, 135, ¶ 7, 377 P.3d 329, 332 (App. 2016).

¶22 Here, Appellants argue the superior court erred in confirming the arbitrator's awards because the arbitrator exceeded his powers by (1) finding that PEDCO's amendment to its operating agreement was null and void and (2) requiring Appellants to produce their business information to the Five Members without protecting its confidentiality.[10] Appellants,

---

[10] The Five Members contend that Appellants are statutorily barred from challenging the arbitrator's interim award because they did not file a motion to vacate, modify, or correct the award within ninety days of receiving notice of the award. *See* A.R.S. §§ 12-3023(B), 12-3024(A) (2016). Although the arbitrator stated the interim award was a "full settlement of all claims and counterclaims," he did not indicate the award was immediately appealable. Further, the award's designation as an "interim award" suggested that a final, appealable award would follow. *See* A.R.S. § 12-3008(B)(1) (2016) ("The arbitrator may issue such orders for interim remedies, including interim awards, as the arbitrator finds necessary to

therefore, do not argue that the arbitrator exceeded his powers because he lacked the power to rule on the issues presented for review. Instead, they argue the arbitrator exceeded his powers by ruling incorrectly. However, "the arbitrator's decisions are final and binding as to both issues of fact and law, regardless of the correctness of the decision," *Atreus Cmties. Grp. of Ariz. v. Stardust Dev., Inc.*, 229 Ariz. 503, 506, ¶ 13, 277 P.3d 208, 211 (App. 2012), and we will not review the merits of an arbitrator's factual findings or legal conclusions.

**¶23**        Accordingly, because Appellants have failed to show that the arbitrator exceeded his powers under the law and the parties' operating agreements, the superior court did not abuse its discretion in confirming the awards.

>        III.        *Attorneys' Fees*

**¶24**        The LLCs' operating agreements provide that "[t]he prevailing party shall be entitled to all costs incurred in connection with the arbitration proceeding, including the fees of the arbitrator, its reasonable attorneys' fees, witness fees and other costs as determined by the arbitrator." Because this appeal results from the superior court's orders compelling arbitration and confirming the arbitrator's awards, we conclude the appeal was taken "in connection with the arbitration proceeding." Accordingly, we award the Five Members their costs and reasonable attorneys' fees on appeal, subject to compliance with ARCAP 21.[11] *See also* A.R.S. § 12-341.01(A) (2016) ("In any contested action arising out of a contract, express or implied, the court may award the successful party

---

protect the effectiveness of the arbitration proceeding and to promote the fair and expeditious resolution of the controversy, to the same extent and under the same conditions as if the controversy were the subject of a civil action."). Appellants' failure to appeal the interim award within ninety days therefore does not constitute waiver. Accordingly, we address Appellants' arguments challenging the interim award on their merits. *Cf. Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342, 678 P.2d 525, 527 (App. 1984) (stating courts prefer to decide cases upon their merits rather than to dismiss summarily on procedural grounds).

[11]        The Five Members also seek fees pursuant to A.R.S. § 12-349 (2016), contending Appellants' appeal lacks substantial justification. However, based on our interpretation of the parties' operating agreements, we need not reach that issue.

reasonable attorney fees."); A.R.S. § 12-341 (2016) ("The successful party to a civil action shall recover from his adversary all costs expended or incurred therein unless otherwise provided by law.").

## CONCLUSION

**¶25** The superior court's orders compelling arbitration and confirming the arbitration awards are affirmed, and the interim stay previously entered by this court relative to the production of documents is hereby lifted. We further award the Five Members their costs and reasonable attorneys' fees incurred on appeal.



AMY M. WOOD • Clerk of the Court
FILED:  AA