326 P.3d 288

**MORGAN AZ FINANCIAL, L.L.C.,**
**Plaintiff/Appellee,**

v.

**William GOTSES, Defendant/Appellant.**

**No. 1 CA–CV 13–0046.**

Court of Appeals of Arizona,
Division 1.

May 13, 2014.

Tiffany & Bosco, P.A., By William M. Fischbach III, Natalya Ter–Grigoryan, Phoenix, for Plaintiff/Appellee.

Lewis Roca Rothgerber LLP, By Robert G. Schaffer, Kathleen Kahn, Phoenix, for Defendant/Appellant.

Judge PETER B. SWANN delivered the opinion of the Court, in which Judge JON W. THOMPSON and Chief Judge DIANE M. JOHNSEN joined.

## OPINION

SWANN, Judge.

¶ 1 This is a deficiency action following trustee's sales of two parcels of real property. The borrower asserted common-law defenses to liability under the promissory notes. The superior court held that, under A.R.S. § 33–811(C), these defenses had been waived and the lender's successor-in-interest was entitled to summary judgment. We reverse and remand. We hold that common-law defenses to a borrower's liability under a note generally survive a trustee's sale and may be asserted in a deficiency action.

## FACTS AND PROCEDURAL HISTORY

¶ 2 William Gotses executed promissory notes secured by deeds of trust on two undeveloped lots in a Flagstaff subdivision. Gotses defaulted on the notes, and the lender's successor-in-interest, Morgan AZ Financial, L.L.C. ("Morgan"), initiated trustee's sales of

the properties. Gotses did not seek to enjoin the sales. The sales were completed and Morgan obtained title to both of Gotses' lots.

¶ 3 After the trustee's sales, Morgan commenced actions against Gotses, later consolidated with actions against a second property owner in the same subdivision, seeking deficiency judgments under A.R.S. § 33–814(A). Gotses answered and asserted that Morgan had taken the loan documents from the original lender subject to fraud-based defenses that rendered them void and unenforceable. Gotses also applied for determinations of the properties' fair market values at the times of the trustee's sales, but failed to produce any evidence on the issue. The court therefore determined the values based on Morgan's uncontested appraisals.

¶ 4 Morgan then moved for summary judgment, arguing that A.R.S. § 33–811(C) effected a waiver of all defenses related to the enforceability of the promissory notes because Gotses had failed to enjoin the trustee's sales. The court granted Morgan's motion and entered a signed judgment consistent with Ariz. R. Civ. P. 54(b) that awarded Morgan more than $850,000 and "reasonable attorneys' fees and costs in an amount to be determined by subsequent Fee Application."

¶ 5 Gotses later filed a motion under Rule 60(a) and (c)(6) asking that the judgment be amended to confirm the court's earlier-stated intent to reserve ruling on attorney's fees, and the court granted the motion in a signed minute entry. Gotses then filed a motion to stay enforcement of the judgment under Rule 62(i), and the court instructed the parties that it would extend the time to file a notice of appeal to the date set for an evidentiary hearing on that motion. On the first day of the evidentiary hearing, the court signed but did not file an amended judgment that effectively reiterated its minute entry granting the Rule 60 motion. Gotses filed a notice of appeal several days later from the signed but yet-to-be filed amended judgment. When the Rule 62(i) proceedings concluded, the court filed the amended judgment and the defendants filed a second notice of appeal.[1]

1. Gotses' codefendant later settled.

## JURISDICTION

¶ 6 Morgan previously moved this court to dismiss this appeal for lack of jurisdiction, and we denied the motion. In its answering brief, Morgan again asks for dismissal. We adhere to our earlier ruling. The original judgment was final and appealable, and the defendants' motion to amend under Rule 60 did not extend the time for appeal. *See* ARCAP 9(b). But before the time for appeal expired, the court purported to extend the deadline because it believed that if it did not do so it would lose jurisdiction to consider the Rule 62(i) motion. This belief was misplaced, and on this record the court had no authority to extend the time for appeal. *See* ARCAP 5(b), 9(a). But because it is clear that the court's intent was to allow the defendants an opportunity to appeal from the judgment after the question of its immediate enforcement was resolved, we view the order extending the time to appeal as an order withdrawing the judgment pending a ruling on the Rule 62(i) motion. The court signaled the reinstatement of the judgment's finality by entering the amended judgment. This appeal having been timely noticed from the amended judgment, we have jurisdiction.

## DISCUSSION

¶ 7 Nonjudicial foreclosures, or trustee's sales, allow the beneficiary of a deed of trust "to cause the trust property to be sold and to apply the proceeds of that sale to a defaulted loan, without going to court." *M & I Bank, FSB v. Coughlin,* 805 F.Supp.2d 858, 862 (D.Ariz.2011). Such sales "are meant to operate quickly and efficiently, 'outside of the judicial process.'" *Hogan v. Wash. Mut. Bank, N.A.,* 230 Ariz. 584, 587, ¶ 12, 277 P.3d 781, 784 (2012) (quoting *In re Vasquez,* 228 Ariz. 357, 359 n. 1, ¶ 4, 266 P.3d 1053, 1055 n. 1 (2011)). Under A.R.S. § 33–811(C), a trustor who fails to enjoin a trustee's sale waives his claims to title of the property upon the sale's completion, *BT Capital, LLC v. TD Serv. Co. of Ariz.,* 229 Ariz. 299, 301, ¶ 10, 275 P.3d 598, 600 (2012), and also waives any claims that are dependent on

the sale, *Madison v. Groseth*, 230 Ariz. 8, 13, ¶ 15, 279 P.3d 633, 638 (App.2012). Morgan now attempts to extend the reasoning of *BT Capital* to support the proposition that a borrower who does not enjoin the sale loses his right to litigate any defenses to a potential post-sale deficiency action. We conclude that this contention is unsupported by the plain language of the statute and is inconsistent with the process and purpose of nonjudicial foreclosures.

■ ¶ 8 Section 33–811(C) provides that "[t]he trustor ... shall waive all defenses and objections *to the sale* not raised in an action that results in the issuance of [an injunction against the sale]." (Emphasis added.) The plain language prescribes waiver only of defenses and objections "to the sale," and we must strictly construe this language in favor of trustors. *Patton v. First Fed. Savs. & Loan Ass'n of Phx.*, 118 Ariz. 473, 477, 578 P.2d 152, 156 (1978). A completed trustee's sale does not operate to deprive the trustor of the ability to pursue claims or defenses that are independent of the sale. *See Sitton v. Deutsche Bank Nat'l Trust Co.*, 233 Ariz. 215, 218, ¶ 13, 311 P.3d 237, 240 (App.2013) ("Section 33–811(C) contemplates the waiver of 'defenses and objections to the sale' only...."); *see also Snyder v. HSBC Bank, U.S.A., N.A.*, 913 F.Supp.2d 755, 770 (D.Ariz.2012) ("Section 33–811(C), however, does not prevent Plaintiff from asserting claims for relief independent of voiding the trustee sale.").

■ ¶ 9 Morgan contends that an action to collect a post-sale deficiency judgment is not "independent" of the sale, but is instead a continuation of "a singular enforcement process on the underlying note" and therefore remains subject to § 33–811(C). In support of this contention, Morgan relies on *National Bank of Arizona v. Schwartz*, 230 Ariz. 310, 283 P.3d 41 (App.2012). This reliance is misplaced. *Schwartz* held that the source of a borrower's debt is the promissory note, not

the trustee's sale: "the foreclosure or trustee's sale is ancillary to the collection of the debt, not the other way around." *Id.* at 313, ¶ 9, 283 P.3d at 44. *Schwartz* did not hold that trustee's sales and deficiency actions constitute a single collection procedure. Collection mechanisms may be continuous in judicial foreclosures, *see Bank of Douglas v. Neel*, 30 Ariz. 375, 380–81, 247 P. 132, 134 (1926), but the same is not true in nonjudicial foreclosures. In nonjudicial foreclosures, the trustee's sale and the deficiency action provide separate mechanisms by which the lender may seek recovery from a trustor who has defaulted on his obligations under a secured promissory note. A trustee's sale allows the lender to recover property or the value of the property outside of the judicial process, *Hogan*, 230 Ariz. at 587, ¶ 12, 277 P.3d at 784, but an action to recover a post-sale deficiency must be brought in court, A.R.S. § 33–814(A). Contrary to Morgan's suggestion, the mere occurrence of a trustee's sale, though predicated on an *allegation* of breach, does not constitute a judicial determination that the borrower has breached or that the note is enforceable. These issues therefore may be litigated in a subsequent deficiency action.

¶ 10 Because A.R.S. § 33–811(C) does not abrogate defenses to deficiency liability by its express terms, and no prior judgment precludes such defenses, we hold that Gotses' defenses under the note remained available in the deficiency action.[2] We therefore reverse the entry of summary judgment and remand for further proceedings. *See Bothell v. Two Point Acres, Inc.*, 192 Ariz. 313, 316, ¶ 8, 965 P.2d 47, 50 (App.1998) ("On appeal from a summary judgment, we must determine *de novo* ... whether the trial court erred in applying the law.").

## CONCLUSION

¶ 11 For the reasons set forth above, we reverse the summary judgment entered against Gotses, and remand so that he may

---

**2.** We express no opinion as to the merits of Gotses' defenses in this case. We also express no opinion as to Gotses' contention on appeal that he "qualifies for anti-deficiency protection" under A.R.S. § 33–814(G), because this question was not decided in the proceedings below—Gots-

es did not assert the anti-deficiency statute in his answer, did not join in his codefendant's motion for summary judgment under the statute, and did not act on his later assertion that he was "going to" assert the statute as a defense.

litigate his defenses to the deficiency action. Both parties request attorney's fees and costs on appeal under A.R.S. §§ 12–341 and –341.01. Because we remand the case for resolution on the merits, we leave the issue of appellate fees to the superior court's discretion upon its final disposition of the case. Gotses is entitled to an award of costs upon his compliance with ARCAP 21.