NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

IAN NEAL ORNSTEIN, *Plaintiff/Appellant*,

*v.*

BANK OF AMERICA, N.A., et al., *Defendants/Appellees*.

No. 1 CA-CV 16-0220
FILED 4-20-2017

Appeal from the Superior Court in Maricopa County
No. CV2015-052615
The Honorable Robert C. Houser, Jr., Judge (Retired)

**AFFIRMED**

COUNSEL

Ian Neal Ornstein, Tucson
*Plaintiff/Appellant*

Bryan Cave LLP, Phoenix
By Sean K. McElenney, Gregory B. Iannelli
*Counsel for Defendant/Appellee, Bank of America, N.A.*

Quarles & Brady LLP, Phoenix
By Scott A. Klundt, Sarah R. Anchors
*Counsel for Defendants/Appellees, Select Portfolio Servicing, Inc. and Bank of New York Mellon*

---

**MEMORANDUM DECISION**

Judge Margaret H. Downie delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge James P. Beene joined.

---

**D O W N I E**, Judge:

**¶1**         Ian Neal Ornstein appeals the dismissal of his complaint against Select Portfolio Servicing, Inc. ("SPS"), Bank of New York Mellon ("BONY"), and Bank of America, N.A. ("BOA"). For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**[1]

**¶2**         In 2006, Ornstein obtained a loan from Soma Financial, which was evidenced by a promissory note secured by a deed of trust on residential property in Tucson ("the Property"). The loan was assigned to BOA. BOA later declared the loan in default and transferred its servicing rights to SPS.

**¶3**         A trustee's sale was scheduled for April 7, 2015. The notice of sale listed BONY as the beneficiary of the deed of trust. On April 3, Ornstein filed an action in Pima County Superior Court seeking to enjoin the trustee's sale. The superior court denied Ornstein's request, and the Property was sold to BONY on April 7 pursuant to a trustee's deed.

---

[1]     We assume the truth of the well-pleaded factual allegations in the complaint. *Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008). In reviewing the superior court's dismissal order, we may consider public records and documents central to the complaint. *Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 64, ¶¶ 13–14 (App. 2010).

**¶4**    Ornstein filed a complaint against SPS, BONY, and BOA (collectively, "Defendants") for wrongful foreclosure, declaratory judgment, and injunctive relief. Defendants moved to dismiss pursuant to Arizona Rule of Civil Procedure 12(b)(6), arguing Ornstein's claims were barred because he did not obtain an order enjoining the trustee's sale. *See* Ariz. Rev. Stat. ("A.R.S.") § 33-811(C). After briefing and oral argument, the superior court granted Defendants' motion and later entered a final judgment. Ornstein timely appealed. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).[2]

## DISCUSSION

**¶5**    We review a dismissal order under Rule 12(b)(6) *de novo*. *Coleman v. City of Mesa*, 230 Ariz. 352, 355, ¶ 7 (2012). Section 33-811(C) provides, in pertinent part:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

Under this statute, a trustor who does not obtain injunctive relief before a trustee's sale occurs waives "pre-sale defenses or objections" to the sale, *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301, ¶ 11 (2012), as well as "claims that are dependent on the sale." *Morgan AZ Fin., L.L.C. v. Gotses*, 235 Ariz. 21, 23–24, ¶ 7 (App. 2014). A trustee's sale, however, does not "deprive the trustor of the ability to pursue claims or defenses that are independent of the sale." *Morgan*, 235 Ariz. at 24, ¶ 8; *Sitton v. Deutsche Bank Nat'l Tr. Co.*, 233 Ariz. 215, 218, ¶ 13 (App. 2013).

---

[2]    Ornstein's opening brief does not comply with Arizona Rule of Civil Appellate Procedure 13(a)(7). Unless a brief is "totally deficient," however, we prefer to decide a case on its merits. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 342 (App. 1984). We address Ornstein's arguments as we understand them, but treat issues that are unsupported by adequate explanation, citations to the record, or legal authority as waived. *See In re Aubuchon*, 233 Ariz. 62, 64–65, ¶ 6 (2013).

¶6        Count one of Ornstein's complaint, entitled "Wrongful Foreclosure/Rescission/Injunctive Relief," asserted defenses and objections to the trustee's sale that are clearly barred by A.R.S. § 33-811(C). Count two sought a declaratory judgment regarding the "true holder of the obligation," "the correct Trustee and Beneficiary," the validity of various trustee sale notices, pre-sale loan modification rights, Defendants' standing to foreclose, and Ornstein's default status. These claims are premised on the notion that the trustee's sale was invalid; as such, they are barred by § 33-811(C). Finally, count three of the complaint sought to enjoin Defendants from evicting Ornstein or recording documents based on the trustee's sale. As a collateral attack on the trustee's sale, the requested relief is barred by § 33-811(C).

¶7        For the first time on appeal, Ornstein raises several additional claims neither alleged in his complaint nor asserted in the superior court, including lack of notice and expiration of the statute of limitations. "We do not consider arguments raised for the first time on appeal except under exceptional circumstances." *In re MH 2008-002659*, 224 Ariz. 25, 27, ¶ 9 (App. 2010). Ornstein has identified no exceptional circumstances that warrant consideration of his new arguments.[3]

**CONCLUSION**

¶8        We affirm the judgment of the superior court. SPS and BONY request an award of attorneys' fees incurred on appeal pursuant to the deed of trust and A.R.S. § 12-341.01. We grant their request based on the deed of trust and will award a reasonable sum of fees, as well as taxable costs, upon compliance with Arizona Rule of Civil Appellate

---

[3]        Moreover, § 33-811(C)'s waiver provision applies to trustors who receive notice of a sale in time to seek an injunction, *see Madison v. Groseth*, 230 Ariz. 8, 12–13, ¶¶ 11–12 (App. 2012), which clearly occurred here.

Procedure 21.  We also award BOA its taxable costs on appeal, contingent on compliance with Arizona Rule of Civil Appellate Procedure 21.



AMY M. WOOD • Clerk of the Court
FILED:  AA