IN THE

# SUPREME COURT OF THE STATE OF ARIZONA

MARIA CARMEN ZUBIA, INDIVIDUALLY, AND IN HER CAPACITY AS TRUSTEE
ON BEHALF OF THE MARIA C. PENA REVOCABLE LIVING TRUST,
*Plaintiff/Appellant,*

*v.*

DAVID SHAPIRO, INDIVIDUALLY, AND AS THE TRUSTEE OF THE SHAPIRO
TRUST DATED FEBRUARY 14, 2006; ILANA SHAPIRO a/k/a ILLANA SHAPIRO,
INDIVIDUALLY, AND AS TRUSTEE OF THE SHAPIRO TRUST DATED
FEBRUARY 14, 2006,
*Defendants/Appellees.*

No. CV-16-0255-PR
Filed January 12, 2018

Appeal from the Superior Court in Maricopa County
The Honorable Robert H. Oberbillig, Judge
No. CV2015-002563
**AFFIRMED**

Memorandum Decision of the Court of Appeals
Division One
1 CA-CV 15-0404
Filed Sept. 29, 2016
**AFFIRMED**

COUNSEL:

Kyle A. Kinney (argued), Law Offices of Kyle A. Kinney, PLLC, Scottsdale,
Attorney for Maria Carmen Zubia

Patrick J. Davis, Nathaniel B. Rose (argued), Fidelity National Law Group,
Phoenix, Attorneys for David and Ilana a/k/a Illana Shapiro

JUSTICE BRUTINEL authored the opinion of the Court, in which CHIEF
JUSTICE BALES, VICE CHIEF JUSTICE PELANDER, and JUSTICES
TIMMER, BOLICK, GOULD, and LOPEZ joined.

JUSTICE BRUTINEL, opinion of the Court:

¶1        The issue in this case is whether a homeowner's failure to obtain injunctive relief under A.R.S. § 33-811(C) results in the waiver of her damages claim arising from a trustee's sale, where the homeowner alleges that her name was forged on the promissory note and deed of trust. We hold that failing to obtain an injunction before the trustee's sale results in the waiver of damage claims dependent on the validity of the sale.

## I.        BACKGROUND

¶2        Maria Zubia and her husband, Jose Pena, acquired title to a single-family residence (the "Property") as joint tenants in 1995. Zubia and Pena separated in 2006. In 2008, Pena executed a $150,000 Promissory Note (the "Note") in favor of David Shapiro, Ilana Shapiro, and the Shapiro Trust (collectively "Shapiro") and Advanced Capital Group, LLC ("Advanced"). To secure the loan, Pena simultaneously executed a Deed of Trust ("DOT") on the Property. The Note and DOT list Shapiro and Advanced as the Lender and Land America Lawyers Title as the Trustee.

¶3        Both the Note and DOT purport to be signed by Pena and Zubia. The DOT was recorded on January 13, 2009. Zubia contends that her signatures on the Note and DOT were forged and that she first learned of the loan and DOT in December 2013, when she tried to borrow against the Property.

¶4        The loan went into default in 2013. In August 2013, Advanced assigned its interest in the Property to Shapiro. Subsequently, Shapiro substituted Empire West Title Agency, LLC ("Empire"), as the trustee of the DOT. Empire then recorded a notice of trustee's sale stating that the Property was to be sold at public auction in February 2014.

¶5        In January 2014, Pena quitclaimed his joint tenancy interest in the Property to Zubia, who recorded the quitclaim deed on February 10. Shortly thereafter, Zubia filed a separate action against Pena, Shapiro, Advanced, Empire, and others, asserting that her signatures on the Note and DOT were forged. Representing herself, Zubia sought to quiet title to the Property but did not seek to enjoin the trustee's sale. Her complaint was dismissed without prejudice for lack of prosecution.

**¶6**        In January 2015, after Zubia's action was dismissed, Empire conducted a trustee's sale and Shapiro purchased the Property on a credit bid and recorded a trustee's deed.

**¶7**        After the sale, Zubia filed this action against Pena, Shapiro, Advanced, and others, reasserting her forgery allegations. She sought damages under A.R.S. § 33-420(A) and to quiet title to the Property in her name. As relevant here, Zubia alleged that because the Note and DOT were forged, "Shapiro[] never obtained a security interest in the property as the basis for a non-judicial foreclosure sale," and thus the trustee's deed resulting from the sale was invalidly recorded. Zubia also added a "wrongful foreclosure" claim, asked the trial court to declare the January 2015 sale invalid, and sought to enjoin any future trustee's sales. Shapiro moved to dismiss, arguing Zubia had waived any claim to title of the Property and all defenses and objections to the sale pursuant to A.R.S. § 33-811(C).

**¶8**        The trial court dismissed Zubia's complaint under Arizona Rule of Civil Procedure 12(b)(6), ruling that under § 33-811(C), she had waived her claims by not obtaining injunctive relief before the January 2015 sale. The court entered final judgment pursuant to Arizona Rule of Civil Procedure 54(b).

**¶9**        The court of appeals affirmed, concluding that § 33-811(C) bars all claims that are dependent on the trustee's sale unless an injunction is obtained before the sale. *Zubia v. Shapiro*, 1 CA-CV 15-0404, 2016 WL 5462039, at *2, ¶ 7 (Ariz. App. Sept. 29, 2016) (mem. decision). Zubia argued that A.R.S. § 33-811(B), rather than subsection (C), should apply because Shapiro had notice of the forgery before the sale. *Id.* ¶ 9. The court of appeals disagreed, explaining that "[s]ubsection (B) does not apply because Zubia did not allege that Shapiro failed to comply with the deed of trust requirements or the non-judicial foreclosure statutes." *Id.* ¶ 10.

**¶10**        The court of appeals also found no error in the trial court's dismissal of Zubia's wrongful foreclosure claim. *Id.* at *3 ¶¶ 13–14. Although the court noted that "Arizona has not recognized a cause of action for wrongful foreclosure," it declined to "address whether the cause of action exists because Zubia's specific 'wrongful foreclosure' allegations would remain subject to the statutory requisites of A.R.S. § 33-811(C) and [are] thus barred for failing to seek the required injunctive relief." *Id.* ¶ 13.

Even assuming Arizona recognizes a cause of action for wrongful foreclosure, the court found that Zubia failed to show her claim was not precluded by § 33-811(C). *Id.*

¶11        The court of appeals further found that, to the extent Zubia claimed damages under A.R.S. § 33-420(A), her claim was based on the allegation that Shapiro improperly recorded the trustee's deed, "a claim that cannot succeed without first determining whether the trustee's sale was improper." *Id.* at *4 ¶ 17. Therefore, the § 33-420(A) claim was dependent on the sale and was precluded by § 33-811(C) once the sale occurred. *Id.*

¶12        We granted review to determine whether the failure to seek injunctive relief under § 33-811(C) results in a waiver of damages claims against the trustee resulting from an allegedly fraudulent trustee's sale, an issue of statewide importance that is likely to recur. We have jurisdiction pursuant to article 6, section 5(3) of the Arizona Constitution and A.R.S. § 12-120.24.

## II.        DISCUSSION

### A. Standard of Review

¶13        We review the dismissal of a complaint under Rule 12(b)(6) de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355 ¶ 7 (2012). We assume the well-pleaded facts alleged in the complaint are true and will affirm the dismissal only if the "plaintiff[] would not be entitled to relief under any interpretation of the facts susceptible of proof." *Fid. Sec. Life Ins. Co. v. State*, 191 Ariz. 222, 224 ¶ 4 (1998).

### B. Post-Sale Damages Claims

¶14        In its motion to dismiss, Shapiro argued that Zubia waived any objections or defenses to the trustee's sale by failing to seek an injunction pursuant to § 33-811(C) before the sale. We agree. In her petition in this Court, Zubia acknowledges that § 33-811(C) bars title claims following a trustee's sale; but, because claims both to quiet title and for post-sale damages depend on the sale's validity, we address them together below.

4

**¶15**　　　　　The "deed of trust scheme is a creature of statutes." *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 300 ¶ 9 (2012) (quoting *In re Vasquez*, 228 Ariz. 357, 359 ¶ 4 (2011)). Claims raising objections or defenses to a trustee's sale are governed by § 33-811(C), which provides:

> The trustor, its successors or assigns, and all persons to whom the trustee mails a notice of a sale under a trust deed pursuant to § 33-809 shall waive all defenses and objections to the sale not raised in an action that results in the issuance of a court order granting relief pursuant to rule 65, Arizona rules of civil procedure, entered before 5:00 p.m. mountain standard time on the last business day before the scheduled date of the sale.

**¶16**　　　　　"Under this statute, a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief." *BT Capital, LLC*, 229 Ariz. at 301 ¶ 10. Although this Court has long recognized that statutes pertaining to deeds of trust "must be strictly construed in favor of the borrower," *Patton v. First Fed. Sav. & Loan Ass'n of Phx.*, 118 Ariz. 473, 477 (1978), we must give effect to § 33-811(C)'s express language, which requires enjoining the sale as a prerequisite to any claim arising out of the sale, *see BT Capital, LLC*, 229 Ariz. at 301 ¶ 14 (rejecting interpretation that would render statute ineffective).

**¶17**　　　　　Zubia argues that a claim for money damages arising out of a sale does not seek to undo the sale and is therefore not a defense or objection to the sale. But § 33-811(C) prohibits not only actions to void the sale, as with her initial quiet title claim, but also those dependent upon the sale.

**¶18**　　　　　In relevant part, § 33-811(C) provides that a trustor waives "*all* defenses and *objections to the sale* not raised in an action that results in the issuance of [an injunction]." (emphasis added). In the express language of the statute, the legislature employed the phrase "all . . . objections to the sale," which does not cabin the statute's operation to a particular claim or type of relief sought and therefore does not apply only to those claims directly seeking to void a sale. This language in § 33-811(C) thus encompasses claims for damages which are *based on* a defective sale under A.R.S. title 33, chapter 6.1. *See Morgan AZ Fin., L.L.C. v. Gotses*, 235 Ariz. 21, 23–24 ¶ 7 (App. 2014) ("Under A.R.S. § 33-811(C), a trustor who fails to enjoin a trustee's sale waives his claims to title of the property upon the sale's completion, and also waives any claims that are dependent on the

5

sale." (citations omitted) (citing *BT Capital, LLC*, 229 Ariz. at 301 ¶ 10, and *Madison v. Groseth*, 230 Ariz. 8, 13 ¶ 15 (App. 2012))). Zubia's claims are objections to the sale, because they cannot succeed unless the sale was defective. That is, if a trustor could proceed with an action for damages based on a defective trustee's sale, her claim would necessarily call into question the validity of the sale. Succeeding on the claim would effectively result in a legal determination that the sale was defective, which is inconsistent with the legislature's intent that A.R.S. § 33-811(E) guarantee the legal status of the trustee's deed following the sale as an "absolute" conveyance. *See* § 33-811(E) (stating that the "conveyance shall be absolute without right of redemption"). Allowing a legal challenge based on the invalidity of the trustee's deed permits an end-run around the § 33-811(C) waiver provision, resulting in legal expense and potential liability arising out of a statutorily valid trustee's sale, undercutting the finality the legislature intended for trustee sales. *See, e.g.*, A.R.S. § 33-808(C)(8) (requiring language in the notice of sale to include: "Unless you obtain an order, *the sale will be final*." (emphasis added)); § 33-811(E) (extinguishing the trustor's interest post-sale, resulting in a trustor losing any interest in the property in which to quiet title).

**¶19** In addition, our reading is consistent with the further purpose of § 33-811(C) and related statutes regulating trustee's sales — namely, to provide for expeditious foreclosures. *Gotses*, 235 Ariz. at 23 ¶ 7 (noting that trustee's sales "are meant to operate quickly and efficiently, 'outside of the judicial process'" (quoting *Hogan v. Wash. Mut. Bank, N.A.*, 230 Ariz. 584, 587 ¶ 12 (2012))). A reading of § 33-811(C) that allows for personal liability arising out of the sale undercuts the purpose of the statute.

**¶20** A trustor who fails to enjoin a sale, however, does not waive claims that are independent of the sale. *Id.* at 24 ¶ 8 ("A completed trustee's sale does not operate to deprive the trustor of the ability to pursue claims or defenses that are independent of the sale."); *see also Sitton v. Deutsche Bank Nat'l Tr. Co.*, 233 Ariz. 215, 217–18 ¶¶ 12–13 (App. 2013) (recognizing that § 33-811(C) does not bar claims or defenses that are independent of the trustee's sale). *Madison*, *Gotses*, and *Sitton* recognize the difference between claims that are dependent on the trustee's sale and those that are independent.

**¶21** In *Madison*, a trustor sued the purchasers of property sold at a trustee's sale, asserting claims for conversion, fraud/deceit, and trespass

based upon an allegation that the property was wrongly sold. 230 Ariz. at 12 ¶ 10. The trustor sought the "return of the [p]roperty and an award of compensatory and punitive damages." *Id.* at 11 ¶ 7. The court of appeals found the tort claims waived under § 33-811(C) because they depended on the validity of the trustee's sale. *Id.* at 13 ¶ 15. In other words, because the trustor could not prevail on claims against the purchaser unless the sale itself was invalid, the damage claims were waived. *Id.*

¶22 Conversely, in *Gotses*, the court of appeals held that under § 33-811(C), the trustor does not waive defenses to a post-sale deficiency claim by the lender. 235 Ariz. at 23–24 ¶¶ 7–10. In that case, the trustors did not obtain an injunction before the trustee's sale of the property. *Id.* at 22–23 ¶ 2. After the lender's successor-in-interest filed an action seeking a deficiency judgment, the trustors asserted that the successor-in-interest "had taken the loan documents from the original lender subject to fraud-based defenses that rendered them void and unenforceable." *Id.* at 23 ¶ 3. The trial court granted summary judgment in favor of the successor-in-interest, finding that the trustors had waived all defenses to the sale under § 33-811(C). *Id.* ¶ 4. The court of appeals reversed, reasoning that § 33-811(C) by its terms applied to defenses and objections to the sale, and did "not operate to deprive the trustor of the ability to pursue claims or defenses that are independent of the sale." *Id.* at 24 ¶ 8. Because the court found that § 33-811(C) did not "abrogate defenses to deficiency liability by its express terms, and no prior judgment precludes such defenses," it held that the trustor's "defenses under the note remained available in the deficiency action." *Id.* ¶ 10.

¶23 Likewise, in *Sitton*, the court of appeals held that a trustor who unsuccessfully sought to enjoin a trustee's sale had not waived claims for monetary damages under § 33-420(A). 233 Ariz. at 218 ¶ 14. Before the trustee's sale, Sitton filed a complaint "[a]lleging material misstatements and other defects in the assignments and notices of substitution recorded in August 2010 and May 2011, as well as in the notice of trustee's sale recorded in May 2011." *Id.* at 217 ¶ 8. In addition to monetary damages, Sitton also sought an order quieting her title to the property. *Id.* The trustees then moved to dismiss Sitton's complaint. *Id.* ¶ 9. Treating the trustees' motion to dismiss as one for summary judgment, the trial court granted the motion, dismissed Sitton's claim, and the property was later sold. *Id.* at 217 ¶¶ 10–11, 218 ¶ 14. Although the court of appeals found that Sitton's unsuccessful attempt to enjoin the trustee's sale waived her claim to quiet title, it also

held that § 33-811(C) did not preclude her claims for monetary damages. *Id.* at 218 ¶ 14; *but see also id.* at 220 ¶ 21 (affirming summary judgment in favor of the defendants for failure to prove an essential element of her claim).

**¶24**　　　　*Sitton* correctly recognized that although the quiet title claim would have required invalidation of the trustee's sale, the false recording claim under § 33-420(A) was based upon alleged misstatements and other defects in documents that existed irrespective of the trustee's sale (i.e., assignments and notices of substitution). Unlike Sitton's false-recording claim, Zubia's trial court claims to quiet title and for post-sale damages depend on the sale's invalidity and are therefore precluded under § 33-811(C).

### a. The A.R.S. § 33-420(A) Claim

**¶25**　　　　Zubia asserted two interrelated claims for relief: (1) Pena "forged her signatures on both [the DOT and the Note]"; (2) because of the forgery, the trustee's deed was fraudulently recorded and sale of Zubia's home is "invalid and voidable and title should be restored to her."[1]

**¶26**　　　　Zubia's forgery claim was limited to Pena. In her complaint, Zubia alleged that only "Pena forged her signatures on both [the DOT and the Note]." Zubia did not allege and does not argue that Shapiro knew of or was complicit in forging her signature on either the DOT or the Note. Rather, Zubia claims that because the Note and DOT were forged, "Shapiro[] never obtained a security interest in the property as the basis for a non-judicial foreclosure sale" and thus, the trustee's deed resulting from the sale is invalid. As a result, Zubia claims Shapiro's recording of the post-sale trustee's deed constituted the recording of a false document in violation of § 33-420(A), which states:

---

[1] Zubia also argues that preventing her from bringing her § 33-420(A) damage claim violates the anti-abrogation clause of article 18, section 6, of the Arizona Constitution. Because Zubia did not fully develop that argument, the claim is waived. *State v. Dann*, 205 Ariz. 557, 570 ¶ 46 n.8 (2003) (failure to develop a legal argument constitutes waiver of that argument on appeal), *opinion supplemented by* 206 Ariz. 371 (2003); *State v. Bolton*, 182 Ariz. 290, 298 (1995) ("Failure to [sufficiently] argue a claim on appeal constitutes waiver of that claim.").

> A person purporting to claim an interest in, or a lien or encumbrance against, real property, who causes a document asserting such claim to be recorded in the office of the county recorder, knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid is liable to the owner or beneficial title holder of the real property for the sum of not less than five thousand dollars, or for treble the actual damages caused by the recording, whichever is greater, and reasonable attorney fees and costs of the action.

¶27        Zubia's claim that the trustee's deed was falsely recorded necessarily requires a determination that the sale was invalid, and is therefore waived by operation of § 33-811(C). *See supra* ¶ 18. As any defects in the trustee's sale were waived under the statute, the sale was not improper, and the trustee's deed is therefore valid. Because Zubia's § 33-420(A) claim against Shapiro is based upon the invalidity of the trustee's deed, and because Zubia did not obtain an injunction before the trustee's sale of the Property, her damage claim for the wrongful recording of the trustee's deed under § 33-420(A) is waived by operation of § 33-811(C).

¶28        This result is consistent with the purpose of § 33-811(C) and other statutes governing trustee's sales — namely, to provide for expeditious foreclosures. *See supra* ¶ 19. Consistent with that policy, our interpretation of § 33-811(C) ensures the finality of the sale, while preserving claims that are independent of the sale.

### C. The Wrongful Foreclosure Claim

¶29        Finally, Zubia asks this Court to recognize a new tort for wrongful foreclosure, something our courts have not yet done. *See In re Mortg. Elec. Registration Sys., Inc.*, 754 F.3d 772, 784 (9th Cir. 2014) ("Arizona, though a nonjudicial foreclosure state, has not expressly recognized the tort of wrongful foreclosure."). Citing California law, the Ninth Circuit Court of Appeals listed the following elements to assert a wrongful foreclosure claim:

> (1) [T]he trustee or mortgagee caused an illegal, fraudulent, or willfully oppressive sale of real property pursuant to a

power of sale in a mortgage or deed of trust; (2) the party attacking the sale (usually but not always the trustor or mortgagor) was prejudiced or harmed; and (3) in cases where the trustor or mortgagor challenges the sale, the trustor or mortgagor tendered the amount of the secured indebtedness or was excused from tendering.

*Id.* (emphasis omitted) (quoting *Lona v. Citibank, N.A.*, 134 Cal. Rptr. 3d 622, 633 (Ct. App. 2011)). Although we do not preclude the possibility that Arizona may recognize a cause of action for wrongful foreclosure in the future, we do not do so here.

**¶30** As the court of appeals correctly recognized, "Zubia's specific 'wrongful foreclosure' allegations would remain subject to the statutory requisites of A.R.S. § 33-811(C)," and are waived by her failure to seek and obtain the required injunctive relief. *Shapiro*, 2016 WL 5462039, at *3 ¶ 13. Even if we chose to recognize a cause of action for wrongful foreclosure like that in California, it would not apply here, because Shapiro is neither the trustee nor the mortgagee of the property. Moreover, as set forth above, Zubia's claim against Shapiro arises out of the execution and recording of the trustee's deed. As such, her claim is an objection to the validity of the sale and would, therefore, be precluded by § 33-811(C).

**¶31** To be clear, our holding in this case does not preclude Zubia from pursuing an action against Pena or others for claims independent of the sale. Zubia may still have a claim for damages arising from the recording of the deed of trust considering the alleged forgeries. So long as such a claim does not depend on whether a trustee's sale occurred, it would not be barred by § 33-811(C).

## III. CONCLUSION

**¶32** We affirm the decision of the court of appeals and the judgment of the trial court. We deny Zubia's request for attorney fees.