NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

LINDA V. LYNAUGH, *Plaintiff/Appellant*,

*v.*

12TH STREET PROPERTY TRUST, *Defendant/Appellee*.

No. 1 CA-CV 18-0375
FILED 4-30-2019

Appeal from the Superior Court in Maricopa County
No. CV2016-017960
The Honorable Daniel J. Kiley, Judge

**AFFIRMED**

COUNSEL

Linda V. Lynaugh, Phoenix
*Plaintiff/Appellant*

Law Offices of Kyle A. Kinney, PLLC, Scottsdale
By Kyle A. Kinney
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Acting Presiding Judge Maria Elena Cruz delivered the decision of the Court, in which Judge Kenton D. Jones and Chief Judge Samuel A. Thumma joined.

---

**C R U Z**, Judge:

**¶1**        Linda V. Lynaugh sued 12th Street Property Trust (the "Trust") to void a trustee's sale, alleging that the Trust committed fraud and that the trustee's sale was illegal.  Lynaugh did not seek to enjoin the sale before it occurred.  We thus hold her claims against the Trust are barred by Arizona Revised Statutes ("A.R.S.") section 33-811(C) and affirm.

**FACTS AND PROCEDURAL BACKGROUND**

**¶2**        Lynaugh entered a Home Equity Credit Agreement (the "Loan") in 2007 with M&I Bank, which was secured by a deed of trust on rental property she owned (the "Property").  BMO Bank acquired M&I Bank and sent a notice of acquisition to customers, including Lynaugh.  Lynaugh later defaulted on the Loan, a trustee's sale was scheduled, and BMO Bank mailed Lynaugh a notice of sale.  The sale was held on December 13, 2016.  A trustee's deed upon sale conveyed the Property to the Trust.

**¶3**        Lynaugh filed a complaint in superior court against the Trust and other defendants, including BMO Bank (the "Defendants").  Defendants filed or joined a motion for summary judgment on all claims.  Lynaugh filed her own motion for summary judgment, which the court struck for noncompliance with page limitations.  Lynaugh later filed a response to the motion for summary judgment.  The superior court granted the Defendants' motion for summary judgment on all claims, finding that Lynaugh waived her claims by not obtaining injunctive relief before the December 2016 sale took place.  The court also found the Trust was entitled to summary judgment on Lynaugh's "fraud by concealment" claim because even if a relationship existed between the Trust and any Defendant, such relationship did not cause Lynaugh's default and claimed damages; A.R.S. § 33-811(C) barred Lynaugh's claims challenging the validity of the trustee's sale; and the default judgment entered against Foresight Investment Group, LLC ("Foresight"), in *Gregory Best v. Steve Villareal, et al.*, CV 2017-000578 (the "Best Case"), had no "preclusive effect or precedential

value in this case." Lynaugh filed a new motion for summary judgment, complying with page limitations, and a motion to amend her complaint. The superior court denied both motions because her motion for summary judgment was moot and thus amendment to her complaint would be futile.

¶4 Lynaugh timely appealed, and then obtained a stay from this court to file an Arizona Rule of Civil Procedure ("Rule") 60 motion challenging the summary judgment ruling based on new evidence. The superior court denied the motion, explaining that A.R.S. § 33-811(C) barred her argument. Lynaugh timely appealed that denial. We have jurisdiction pursuant to A.R.S. § 12-2101(A)(1).

## DISCUSSION

I.    Summary Judgment

¶5 We review the superior court's grant of summary judgment *de novo*, viewing the evidence in the light most favorable to the non-moving party. *Lee v. M & H Enters., Inc.*, 237 Ariz. 172, 175, ¶ 10 (App. 2015). Summary judgment is appropriate if the moving party demonstrates that "there is no genuine dispute as to any material fact and [it] is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a). We review a court's decision denying a motion to amend a complaint for an abuse of discretion. *Hall v. Romero*, 141 Ariz. 120, 124 (App. 1984).

¶6 As noted above, the superior court granted summary judgment, in part, based on A.R.S. § 33-811(C). Under that statute, when a trustee mails a notice of sale to the trustor, the trustor waives any title claims and any claims that are dependent on the trustee's sale unless they obtain an injunction halting the sale. *Morgan AZ Fin., LLC v. Gotses*, 235 Ariz. 21, 23-24, ¶ 7 (App. 2014). The statute is strictly construed in favor of trustors. *Id.* at 24, ¶ 8.

¶7 Lynaugh did not seek injunctive relief before the trustee's sale. She argues her claims are not waived, the superior court wrongly granted summary judgment for the Trust before the close of discovery and, finally, that the court wrongly denied her leave to amend her complaint.

    A.    Lynaugh's A.R.S. § 33-420 Claims are Waived Pursuant to A.R.S. § 33-811(C)

¶8 Lynaugh challenges the dismissal of her A.R.S. § 33-420 claims against the Trust. Specifically, Lynaugh contends she is "challenging [the] validity" of both the trustee's sale and the deed after the

trustee's sale, which she argues was a "transfer [of] property via inducement, not a sale[.]" Moreover, she argues the Trust was not the highest bidder at the trustee's sale and thus the Trust's "active concealment" precluded the superior court from granting summary judgment for the Trust. We disagree.

¶9 Section 33-420(A) authorizes an owner of real property to recover damages from a person claiming an interest in real property, "who causes a document asserting such claim [to be filed] knowing or having reason to know that the document is forged, groundless, contains a material misstatement or false claim or is otherwise invalid[.]" The Arizona Supreme Court held in *Zubia v. Shapiro*, 243 Ariz. 412, 415, ¶ 18 (2018), that any claim, including an A.R.S. § 33-420 damage claim, is waived by A.R.S. § 33-811(C) if the claim is dependent on the validity of the sale. Here, Lynaugh's claims depend on a finding that the trustee's sale was invalid and are therefore waived. Accordingly, the superior court did not err.

¶10 Lynaugh relies on *Sitton v. Deutsche Bank National Trust Co.*, 233 Ariz. 215 (App. 2013) to argue that "A.R.S. § 33-420 claims survive even when a TRO is not obtained prior to a trustee's sale." Lynaugh's reliance on *Sitton* is misplaced. *Sitton* recognized that A.R.S. § 33-811(C) does not bar claims or defenses that are independent of the trustee's sale. 233 Ariz. at 217-18, ¶¶ 12-13. Because Lynaugh's claims are dependent on the validity of the trustee's sale, they are waived. *See* A.R.S. § 33-811(C) (stating that the trustor "waive[s] all defenses and objections to the sale" unless raised in a successful request for a presale injunction). Here, the trustee's deed raised a presumption that the sale comported with statutory requirements, *see* A.R.S. § 33-811(B), and the record before us shows Lynaugh received prior notice of the trustee's sale. Accordingly, the superior court did not err.

¶11 Lynaugh also claims that the superior court erred because the doctrine of judicial estoppel binds the Trust in this case to the "admissions" obtained through a default judgment against Foresight in the Best Case. Although the Trust was also a defendant in that case, it is unclear what Lynaugh claims the default judgment against Foresight proves concerning the Trust. In granting summary judgment for the Trust, the superior court concluded, "[w]hile a default judgment has been entered against a different defendant, [Foresight,] . . . a default judgment entered against a non-party to this case has no preclusive effect or precedential value in this case." The Best Case is not part of this record on appeal. Moreover, Lynaugh failed to cite to the record or relevant authority and thus this argument is waived on appeal, and we do not address it. *See* ARCAP 13(a)(6)-(7).

B.      Lynaugh's Failure to File a Rule 56(d) Request Waives Her
        Discovery Argument

¶12      Lynaugh argues the superior court erred by granting the Trust's motion for summary judgment before the close of discovery. Arizona Rule of Civil Procedure 56 allows parties other than the plaintiff to "move for summary judgment at any time after the action is commenced." Ariz. R. Civ. P. 56(b)(2). Further, Rule 56(d) permits a party to request additional time for discovery if it "cannot present evidence essential to justify its opposition," but the request must include an affidavit

> establishing specific and adequate grounds for the request and addressing, if applicable, . . . (i) the particular evidence beyond the party's control; (ii) the location of the evidence; (iii) what the party believes the evidence will reveal; (iv) the methods used to obtain it; (v) an estimate of the amount of time the additional discovery will require; and . . . a good faith consultation certificate.

Ariz. R. Civ. P. 56(d)(1)(A)-(B). Because Lynaugh did not request additional time pursuant to Rule 56(d), she waived her argument that the summary judgment ruling was premature. *Edwards v. Bd. of Supervisors*, 224 Ariz. 221, 224, ¶ 19 (App. 2010) (construing 56(f), predecessor to current Rule 56(d)).

C.      Lynaugh's Motion to Amend Her Complaint was Moot

¶13      Finally, Lynaugh argues the superior court improperly denied her motion for leave to amend her complaint. In denying the motion, the court concluded the amended complaint was futile because it "simply re-urges claims that have already been resolved against [Lynaugh] as a matter of law." *See First-Citizens Bank & Trust Co. v. Morari*, 242 Ariz. 562, 567, ¶ 12 (App. 2017) ("A court does not abuse its discretion by denying a request to amend if the amendment would be futile."). Lynaugh contends her amended complaint would have cured deficiencies in her prior pleading but does not specifically show how the proposed amended complaint's allegations would have defeated summary judgment. Accordingly, this argument is waived. *See MT Builders, L.L.C. v. Fisher Roofing, Inc.*, 219 Ariz. 297, 304 n.7, ¶ 19 (App. 2008) (noting that arguments not developed on appeal are generally waived). Additionally, as a practical matter, Lynaugh's motion to amend the complaint was moot. Although the opportunity to amend the complaint should usually be freely given, the superior court did not abuse its discretion because the court already granted summary judgment in favor of the Defendants, which was proper,

and Lynaugh cites no authority suggesting otherwise. Accordingly, the superior court did not err.

II.      Vexatious Litigant

**¶14**      The Trust requests that we declare Lynaugh a vexatious litigant pursuant to A.R.S. § 12-3201(C) and (E)(1)(a)-(c), (e). Assuming without deciding that Lynaugh could qualify for such a designation, in the exercise of our discretion, we decline to do so here.

**CONCLUSION**

**¶15**      Lynaugh requests her costs on appeal. Lynaugh's request is denied. The Trust requests its costs and attorneys' fees on appeal pursuant to A.R.S. § 12-349(A)(1)-(3). In the exercise of our discretion, we grant the Trust's request for costs upon compliance with ARCAP 21 and decline its request for fees.

**¶16**      For the foregoing reasons, we affirm.

