NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

JOSEPHINE NGARUIYA, *Plaintiff/Appellant*,

*v.*

JASPREET GILL, *Defendant/Appellee*.

No. 1 CA-CV 25-1021

FILED 06-16-2026

Appeal from the Superior Court in Maricopa County
No. CV2024-018970
The Honorable Jason Easterday, Commissioner

**AFFIRMED**

COUNSEL

Josephine Ngaruiya, Mesa
*Plaintiff/Appellant*

Jaspreet Gill, Gilbert
*Defendant/Appellee*

**MEMORANDUM DECISION**

Presiding Judge Andrew M. Jacobs delivered the decision of the Court, in which Judge Brian Y. Furuya and Judge James B. Morse Jr. joined.

**J A C O B S**, Judge:

¶1　　　　Josephine Ngaruiya appeals the superior court's dismissal of her complaint arising from the foreclosure and trustee's sale of her home to Jaspreet Gill.  Because Ngaruiya's opening brief does not cite the record as Arizona Rule of Civil Appellate Procedure ("ARCAP") 13 requires, because her brief contains fabricated and materially misleading citations suggesting the use of generative artificial intelligence ("AI") without necessary human checking, and because her claims fail on their merits, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2　　　　In June 2006, Ngaruiya obtained a mortgage loan secured by a deed of trust encumbering residential property located on West Adams Street in Phoenix, Arizona ("the Property").  After Ngaruiya defaulted on the loan, a notice of trustee's sale was recorded on April 12, 2022, scheduling a trustee's sale for July 19, 2022.  The trustee's sale took place that day, and title to the Property was transferred to Gill through a trustee's deed upon sale.

¶3　　　　On July 18, 2024, Ngaruiya filed a complaint against Gill and other defendants arising from the foreclosure and trustee's sale of the Property.  According to the complaint, Gill purchased the Property at the trustee's sale and took possession of Ngaruiya's personal belongings remaining in the home without notice.

¶4　　　　Ngaruiya served Gill, and thereafter repeatedly sought entry of default against Gill, filing applications or motions for default on November 14, 2024, February 17 and 18, 2025, and October 6, 2025.  In her final such filing, Ngaruiya sought damages, costs, and interest against Gill.  Meanwhile, the court dismissed the remaining defendants from the lawsuit.

¶5　　　　On October 20, 2025, the superior court sua sponte dismissed the complaint against Gill under Arizona Rule of Civil Procedure 12(b)(6).  The court concluded the action arose from the foreclosure and trustee's sale of Ngaruiya's home, that no evidence showed Ngaruiya sought to enjoin the July 2022 trustee's sale before it occurred, and that the complaint thus failed to state a claim upon which relief could be granted against Gill.

¶6　　　　The court entered judgment under Arizona Rule of Civil Procedure 54(c).  Ngaruiya timely appealed.  We have jurisdiction.  Ariz. Const. art. 6, § 9; A.R.S. § 12-2101(A)(1).

## ANALYSIS

### I. Ngaruiya's Brief Fails to Cite the Record as ARCAP 13 Requires, Which Would Justify Dismissing Her Appeal.

¶7 ARCAP 13 requires every party appealing to this court to include a statement of facts and an argument with citations to the record in their opening brief, to allow us to assess their argument. ARCAP 13(a)(5), (7). Ngaruiya's opening brief doesn't do this. It discusses Ngaruiya's hospitalization, alleged improper service upon her, the foreclosure proceedings, claimed procedural irregularities, and alleged misconduct by multiple parties. But it lacks citations to the record to support its many factual assertions about these subjects. *See* ARCAP 13(a)(5), (7). We do not search "records and exhibits to substantiate an appellant's claims" or reconstruct the factual basis for their appeal. *Adams v. Valley Nat'l Bank of Ariz.*, 139 Ariz. 340, 343 (App. 1984). Because the opening brief does not comply with ARCAP 13's requirement to cite the record, which is necessary to our review of an appeal, ARCAP 25 supports dismissal of her appeal. *See* ARCAP 25 (allowing dismissal of appeal as a sanction for violation of rules).

### II. Ngaruiya's Brief Contains Many Fabricated or Materially Inaccurate Citations, Which Suggest Misuse of Generative AI, and Which Would Also Justify Dismissing Her Appeal.

¶8 Ngaruiya's opening brief contains many fabricated and materially inaccurate citations to the law. This is an important breach of her responsibilities to the court. All litigants, whether represented by lawyers or not, are required to ensure the accuracy of the authorities they present to the court. *See State v. Gomez*, 231 Ariz. 219, 223 ¶ 15 (2012) (self-represented litigants must comply with procedural and substantive law); *Ramos v. Nichols*, 252 Ariz. 519, 522 ¶ 8 (App. 2022) ("Courts hold unrepresented litigants in Arizona to the same standards as attorneys and do not afford them special leniency.").

¶9 Some principles for which Ngaruiya cites cases don't appear in the authorities she cites. Other cited authorities don't support the propositions for which Ngaruiya cites them. We note these examples:

- On page 13, the brief misquotes either Arizona Rule of Civil Procedure 60(b)(4), *Ruffino v. Lokosky*, 245 Ariz. 165 (App. 2018), and/or *Hilgeman v. Am. Mortg. Sec., Inc.*, 196 Ariz. 215 (App. 2000), though *Ruffino* and *Hilgeman* generally concern the asserted proposition.

- On pages 13 and 14, the brief contains two fabricated quotations purportedly from *Master Fin., Inc. v. Woodburn*, 208 Ariz. 70, 74 ¶ 19 (App. 2004).

- On pages 14 and 15, the brief misquotes *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306 (1950), though *Mullane* generally concerns the asserted proposition.

- On page 15, the brief contains a fabricated quotation purportedly from *Bollermann v. Nowlis*, 234 Ariz. 340, 342 ¶ 10 (2014), though the case does not concern the proposition asserted.

- On page 16, the brief misrepresents *In re Marriage of Thorn*, 235 Ariz. 216, 220 ¶ 15 (App. 2014). The quoted language does not appear in the opinion, and the case does not concern the proposition asserted.

- On page 17, the brief contains a fabricated quotation purportedly from *Sprang v. Petersen Lumber, Inc.*, 165 Ariz. 257, 262 (App. 1990), though the case does not concern the proposition asserted.

- On page 20, the brief contains a fabricated quotation purportedly from *State v. Silva*, 222 Ariz. 457, 460 ¶ 12 (App. 2009), though *Silva* generally concerns the asserted proposition.

**¶10** These problems are consistent with a rising wave of briefs in our court demonstrating lawyer and litigant misuse of generative AI. The use of fake quotations, if tolerated, breaks law. Put another way, law won't work if we let lawyers and pro se litigants make things up without penalty. If lawyers and pro se litigants made these things up from their imaginations, we would punish them firmly and not consider their lie-based arguments. We can't afford to treat the same lies more lightly because they come from generative AI programs, as if that makes it okay, or less punishable. It's not okay, and we shouldn't punish it less.

### III. Ngaruiya's Claims Also Fail on Their Merits.

**¶11** While failures to comply with court rules, including ARCAP 13, can justify dismissing an appeal, we retain the discretion to reach the merits of the issues. *See, e.g., Hill v. City of Phoenix*, 193 Ariz. 570, 572-73 ¶ 10 (1999). We do so here.

**¶12** Even accepting Ngaruiya's allegations as true — including her allegations that she was involuntarily hospitalized after notice of the trustee's sale was posted and that Gill later took possession of her

belongings unlawfully — her claims against Gill fail as a matter of law. Arizona's deed-of-trust statutes required Nguariya to seek injunctive relief before the trustee's sale occurred.  *See* A.R.S. § 33-811(C).  Arizona courts have repeatedly held that "a person who has defenses or objections to a properly noticed trustee's sale has one avenue for challenging the sale: filing for injunctive relief."  *Zubia v. Shapiro*, 243 Ariz. 412, 415 ¶ 16 (2018) (quoting *BT Capital, LLC v. TD Serv. Co. of Ariz.*, 229 Ariz. 299, 301 ¶ 10 (2012)).  A trustor who fails to obtain such relief "waives his claims to title of the property upon the sale's completion, and also waives any claims that are dependent on the [validity of the] sale."  *Id.* at 415 ¶ 18 (quoting *Morgan AZ Fin., LLC v. Gotses*, 235 Ariz. 21, 23-24 ¶ 7 (App. 2014)).  That waiver rule applies even when the plaintiff later alleges serious defects in the foreclosure process.  *Id.* at 417 ¶¶ 26–28.

¶13 Nguariya's claims against Gill depend entirely on the alleged invalidity of the trustee's sale.  In *Madison v. Groseth*, the plaintiff alleged the purchasers at the trustee's sale committed conversion, fraud, deceit, and trespass by taking possession of property after the sale, and further alleged the purchasers were not bona fide purchasers because they knew of disputes concerning title.  230 Ariz. 8, 12 ¶ 10 (App. 2012).  The court nevertheless held those claims were waived under A.R.S. § 33-811(C) because the plaintiff failed to obtain an injunction before the trustee's sale occurred.  *Id.* at 13 ¶ 13.  Nguariya's claims are even weaker.  Unlike *Madison*, there is no evidence or developed allegation that Gill was not a bona fide purchaser or had actual notice of alleged defects in the trustee's sale.  Because Nguariya did not obtain injunctive relief before the July 2022 trustee's sale, any claims against Gill which depended on the invalidity of the sale were waived.

**CONCLUSION**

¶14 We affirm.  Because Gill did not respond to Ngaruiya's brief, we decline in our discretion under ARCAP 25 to sanction Ngaruiya.



MATTHEW J. MARTIN • Clerk of the Court
**FILED**:          JR

5